**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MICHAEL S. QUALIZZA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:26-cv-02251** |
| | § | |
| **U.S. BANK NATIONAL ASS'N and U.S. BANCORP COMMUNITY DEVELOPMENT CORPORATION,** | § § § | |
| | § | |
| **Defendants.** | § | |

**REPLY IN SUPPORT OF MOTION TO DISMISS UNDER RULES 12(b)(6) AND 12(b)(3), AND, ALTERNATIVELY, MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a), AND BRIEF IN SUPPORT**

Qualizza's Response in Opposition (ECF No. 12) confirms what Defendants' Motion demonstrated: this lawsuit is a transparent attempt to relitigate in Texas matters that are already before the United States District Court for the Eastern District of Missouri ("EDMO"). Rather than rebut Defendants' arguments, Qualizza's Response makes a series of concessions that independently warrant dismissal or, at minimum, transfer.

***First***, Qualizza admits his original Petition fails to state a claim by announcing he "will file an amended complaint" by September 14, 2026. ECF No. 12 ¶ 19. Notwithstanding that pronouncement, Qualizza did not file an amended complaint and his right to do so under FRCP 15 has now expired. ***Second***, Qualizza does not dispute the "substantial overlap" between this case and the EDMO Case; he merely asks the Court to "defer" ruling on the Motion to Dismiss so that he can file an amended complaint. *Id.* ¶ 4 ("The pending Missouri exemption and TRO proceedings create genuine overlap . . ."); *see id.* ¶ 36 ("Plaintiff requests deferral until the amended complaint is filed so that substantial overlap can be assessed on a concrete pleading."). ***Third***, on the very day he filed his Response, Qualizza filed a separate 140-page, 19-count lawsuit in Missouri state court—against Defendants and nine others—arising from the same hotel transaction and Consent Judgment challenged here. *See* ECF No. 12 at Ex. A (*Qualizza v. Freeman, et al.*, No. 2622-CC13433, Cir. Ct. City of St. Louis) (the "New Missouri Lawsuit"). Qualizza is now trying to litigate the same dispute in three fora.

This Court should dismiss the action under Rule 12(b)(6). However, if the Court is not inclined to dismiss the action, no "concrete" pleading can overcome the substantial overlap that necessitates transfer of this case to the Eastern District of Missouri under 28 U.S.C. § 1404(a).

## ARGUMENT

### A. Qualizza's response tacitly concedes that he failed to state a claim upon which relief may be granted.

Qualizza makes no effort to defend the fact that the four "claims" he asserted are requests for relief and not causes of action. ECF No. 12 ¶ 18. Instead, to avoid dismissal, Plaintiff stated

he would "file [an] amended complaint on or before September 14, 2026," which Plaintiff asserted would "identify the substantive rights and supporting facts underlying the requested relief. . ." *Id.* ¶ 19. However, Plaintiff did not timely amend and has waived the right to file an amendment under FRCP 15. The Court must consider the Motion to Dismiss against the Original Petition, which only asserts requests for declaratory and injunctive relief. Requests for declaratory judgment and injunctive relief are not independent causes of action. *See Holt v. Deutsche Bank Nat'l Tr. Co*., No. 4:16-CV-196-A, 2016 WL 1633254, at *2 (N.D. Tex. Apr. 20, 2016) (dismissing request for declaratory and injunctive relief because "the court has dismissed the only underlying claim or cause of action potentially stated by plaintiff, leaving nothing on which to base plaintiff's request for declaratory relief.. . . [b]ecause the court has dismissed plaintiff's [equitable right of redemption] claim . . . there is nothing on which to base plaintiff's request for injunctive relief"); *Jackson v. Newrez LLC d/b/a Shellpoint Mortgage Servicing, et al*., No. SA-24-CV-00103-OLG, 2025 WL 4954353, at *4 (W.D. Tex. Feb. 21, 2025) (granting Rule 12(b)(6) where the plaintiff did not include standalone claims and only sought to enjoin enforcement of judgment); *Kara v. Waterfall Victoria Master Fund, Ltd*., No. CV SA-16-CA-1265-FB, 2017 WL 10841214, at *4 (W.D. Tex. Sept. 25, 2017) (discussing that an injunction is a remedy, not a standalone cause of action); *City of Brownsville ex rel. Pub. Utilities Bd. v. AEP Tex. Cent. Co.*, 348 S.W.3d 348, 357 (Tex. App.—Dallas 2011, pet. denied) ("A declaratory judgment declares the rights and duties or the status of parties . . . . It is not an independent cause of action."); *Van Der Linden v. Khan*, 535 S.W.3d 179, 203 (Tex. App.—Fort Worth 2017, pet. denied) ("injunctive relief is a remedy, not a stand-alone cause of action.").

Rule 12(b)(6) dismissal is proper because Qualizza failed to state any claims upon which relief may be granted.

**B. Applicable law precludes Qualizza's collateral attack.**

Contrary to Qualizza's suggestions, *res judicata* can apply at the motion to dismiss stage, and this lawsuit is subject to dismissal pursuant to Rule 12(b)(6). *See Pie Dev., L.L.C. v. Pie Carrier Holdings, Inc.*, 128 F.4th 657, 661–62 (5th Cir. 2025) (consideration of a Rule 12(b)(6) motion to dismiss based upon *res judicata* is appropriate where all relevant facts are before the Court and not in dispute). "Res judicata prevents a later suit, such as this one, from collaterally attacking a prior judgment by a court of competent jurisdiction." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (citation omitted). To determine what law applies to an asserted defense of res judicata, federal courts "look to the court where the prior judgment was entered." *Dotson v. Atl. Specialty Ins. Co.*, 24 F.4th 999, 1002 (5th Cir. 2022). In the Eighth Circuit, "the res judicata or collateral estoppel effect of a prior judgment in a diversity action is a question of substantive law controlled by state common law." *Hillary v. Trans World Airlines, Inc.*, 123 F.3d 1041, 1043 (8th Cir. 1997) (internal quotation omitted and cleaned up). In Missouri, res judicata "precludes a litigant from bringing claims that should have been brought in the first suit." *Kesterson v. State Farm Fire & Cas. Co.*, 242 S.W.3d 712, 715 (Mo. banc 2008).

Res judicata generally requires "(1) identity of the things sued for; (2) identity of the cause of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or status of the person for or against whom the claim is made." *Lauber-Clayton, LLC v. Novus Props. Co.*, 407 S.W.3d 612, 618 (Mo. App. E.D. 2013) (quoting *King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. banc 1991) (internal quotation omitted)). However, when "a subsequent action constitutes a collateral attack on a prior judgment, the identities analysis is unnecessary." *State ex rel. Gen Credit Acceptance Co., LLC v. Vincent*, 570 S.W.3d 42, 48 n.3. (Mo. banc. 2019) (internal quotation omitted and cleaned up). In other words, although a collateral attack on a void

judgment may be appropriate, a subsequent action that is "a subterfuge or facade for litigating an issue to which a former final judgment is conclusive" will not be tolerated. *State ex rel. Gen. Credit Acceptance Co., LLC v. Vincent*, 570 S.W.3d 42, 48 (Mo. banc 2019).

The Eastern District of Missouri recognizes that actions like Qualizza's constitute an improper collateral attack on a consent judgment. *Nat'l Sur. Corp. v. Prairieland Constr., Inc.*, No. 4:03 CV 73 CDP, 2021 WL 5774223, at *2 (E.D. Mo. Nov. 5, 2021) (rejecting debtors' claims that the consent judgment was procured by fraud and determining "[the Court] had jurisdiction over the parties and of the subject matter of the action and was not without jurisdiction to enter the Consent Judgment at issue. The Consent Judgment is therefore not void on the face of the record and cannot be collaterally attacked by a motion to quash execution."). Indeed, in *Prairieland Construction*, the Eastern District of Missouri refused judgment debtors' motion to quash a writ of execution, finding that there was "nothing to render the Consent Judgment itself invalid or non-binding" and determining that "in addition to being barred from collaterally attacking the Consent Judgment, the [debtors] have failed to establish good cause to quash the writ." *Id.*

Here, Qualizza's feverish and duplicative challenges to the outstanding judgment balance and USB's attempts to enforce the Judgment demonstrate that this action is nothing more than an effort to collaterally attack the Consent Judgment. At many times throughout the Response, Judgment Debtor admits that the purpose of this lawsuit is to merely challenge the Consent Judgment and the amount he still owes thereunder. These admissions include:

> The original Petition disputes subsequent satisfaction and closing conduct. Under the amendment described in paragraph 19, the closing-authorization merits are not at issue here. *The remaining accounting question concerns how much of the judgment has been satisfied, not whether the judgment was erroneous when entered.*

ECF No. 12 ¶ 24 (emphasis added).

> [Judgment Debtor] does not seek to avoid the effect of the Consent Judgment; he seeks to determine what remains of it after a partial satisfaction Defendants themselves filed, and to hold Defendants to account for post-judgment conduct.

*Id.* ¶ 28.

> [Plaintiff] seeks adjudication of his asserted exemption rights in [his garnished bank] accounts and *the balance remaining after partial satisfaction* [of the Consent Judgment], not the merits of sale authorization.

*Id.* ¶ 29 (emphasis added)

> Under the proposed amendment [to the Complaint], the property issues concern the [garnished] accounts, while the accounting issue concerns credits and the remaining judgment balance.

*Id.* ¶ 34.

As noted in Qualizza's response, on September 8, 2026, Qualizza filed the New Missouri Lawsuit against Defendants. *Id.* ¶ 10. That case is captioned *Qualizza v. Freeman* and was assigned Case No. 2622-CC13433 by the Circuit Court for the City of St. Louis. *Id.* The petition in the New Missouri Lawsuit contains 1,490 paragraphs and nineteen counts. ECF No. 12 at Ex. A. That lawsuit also concedes Qualizza has and is challenging "the amount enforceable in the federal action." *Id.* at ¶ 1060. Because Qualizza has not asserted any underlying claims and this lawsuit is an improper proceeding designed to prevent enforcement of the Consent Judgment, the Court should dismiss the case under the doctrine of *res judicata*.

**C. Dismissal with prejudice is appropriate because Qualizza already pleaded his best case.**

Qualizza also argues that his Original Petition should not be dismissed because he is subject to "less stringent standards" as a *pro se* plaintiff. But that leniency is not limitless. *Garces v. Rossbach*, No. SA-25-CV-441-JKP (HJB), 2025 WL 2946413, at *2 (W.D. Tex. June 4, 2025), *report and recommendation adopted*, No. SA-25-CV-00441-JKP, 2025 WL 2544022 (W.D. Tex. Sept. 4, 2025) ("Although they are typically entitled to more lenient treatment, *pro se* litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'") (internal quotation

omitted). Qualizza also asserts that the Petition should not be dismissed with prejudice because he is a *pro se* plaintiff and must be given at least one opportunity to amend. ECF No. 12 ¶ 19. But this and any suggestion by Qualizza that he is still entitled to amend at this stage are incorrect because Qualizza has already pleaded his best case. *Dukes v. Gautreaux*, No. CV 25-76-SDD-EWD, 2025 WL 3139800, at *6 (M.D. La. Sept. 30, 2025) (citing *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009)), *report and recommendation adopted*, No. CIVIL ACTION 25-76-SDD-EWD, 2025 WL 3130189 (M.D. La. Nov. 7, 2025).

This action is a challenge to a Consent Judgment that is not subject to collateral attack. *Prairieland Constr., Inc.*, 2021 WL 5774223, at *2. Qualizza's suit is barred by the doctrine of *res judicata*, and because Qualizza knows that he has no legitimate legal claims, he simply requested broad sweeping declaratory and injunctive relief which, standing alone, are not cognizable claims. Qualizza's attempt to feign ignorance about his substantive pleading should not be entertained. He has been embroiled in litigation against the Defendants for years and has made extensive filings, through counsel and on his own. He is an experienced litigant and knows—or should know—that his numerous duplicative filings (and now, additional lawsuit) are improper. Here, dismissal with prejudice is both available and proper at this juncture. Qualizza should not be permitted to continue to abuse the judicial process by filing meritless litigation over a *consent judgment* on which he owes an outstanding balance of nearly $1 million. This action should be dismissed with prejudice.

### D. The interests of justice and convenience warrant transfer of this lawsuit to the Eastern District of Missouri.

To the extent that the Court is not inclined to dismiss Judgment Debtor's complaint, the substantial overlap between this case and the EDMO Case warrant transfer to the Eastern District of Missouri. Under 28 U.S.C. § 1404(a), for "the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under the Fifth Circuit's framework,

transfer under § 1404(a) requires consideration of private interest factors (the relative ease of access to sources of proof, the availability of compulsory process, the cost of attendance for willing witnesses, and all other practical problems) and public interest factors (the administrative difficulties flowing from court congestion, the local interest in having localized controversies decided at home, the familiarity of the forum with the governing law, and the avoidance of unnecessary problems in conflict of laws). *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). Both sets of factors overwhelmingly favor transfer. "District courts have broad discretion in deciding whether to order a transfer." *Id.* at 311.

**1. The private interest factors support transfer.**

The sources of proof in this case are concentrated in Missouri. The Consent Judgment was entered in Missouri. The hotel at issue is located in Missouri. The March 2026 closing occurred in Missouri. The garnishment writs were issued from Missouri. The 320-plus docket entries in the EDMO Case are on the Missouri court's docket. Even Qualizza's petition in the New Missouri Lawsuit—filed the same day as his Response—alleges that Missouri is "the center of the transactions and conduct alleged." ECF No. 12 at Ex. A ¶ 18. Moreover, Qualizza's response acknowledges that the scope of this lawsuit, if it withstands dismissal, overlaps entirely with what remains to be decided in the Eastern District of Missouri.

Qualizza argues that no witnesses have been named and that Defendants have not identified documents by location. Doc. 12 ¶ 33. However, he cannot plausibly dispute that the witnesses to the hotel sale, the closing, the Consent Judgment, and the garnishment proceedings are overwhelmingly located in Missouri or are subject to the EDMO Court's process. Qualizza himself has now sued 11 defendants in Missouri state court arising from the same transaction, all of whom are defendants whose testimony will be needed to resolve those overlapping claims. The Court should disregard Qualizza's claim that a transfer would impose "real and

asymmetric costs," ECF No. 12 ¶ 34, considering Qualizza's extensive litigation activities in Missouri, including the September 8, 2026, 140-page New Missouri Lawsuit.

**2. The public interest factors also support transfer.**

Missouri's interest in this litigation is far stronger than Texas's. The Consent Judgment was entered by a Missouri federal court presiding over the EDMO. The enforcement proceedings are before a Missouri federal court. Qualizza's own 19-count, $30-million-plus Missouri state court action arises from the same transaction. And the EDMO Case has 320-plus docket entries and a judge who has extensive familiarity with the parties, the facts, and the legal issues. The EDMO court presiding over the EDMO Case already scheduled an in-person conference for September 24, 2026 to address the very enforcement matters Qualizza seeks to litigate here.

Judicial economy overwhelmingly favors consolidation before Judge Schelp. Allowing this Texas action to proceed in parallel with both the EDMO Case and the New Missouri Lawsuit would result in precisely the kind of duplicative, inconsistent adjudication that § 1404(a) is designed to prevent.[1] *See In re Volkswagen*, 545 F.3d at 315; *In re Chamber of Commerce of United States of Am.*, 105 F.4th 297, 303–04 (5th Cir. 2024). Additionally, Missouri's Supreme Court Rules, applicable to the EDMO Case through FED. R. CIV. P. 69(a)(1), require resolution of exemption and third party claims before USB can execute on any of Judgment Debtor's accounts. *See, e.g.*, MO. SUP. CT. R. 90.035 (Exemptions); MO. SUP. CT. R. 90.09 (Claims of Third Parties – Notice – Intervention). The exact questions presented in this case are duplicative of questions that will be answered in the EDMO Case. *See S.M.R. Innovations LTD v. Apple Inc.*, 756 F. Supp. 3d 453, 464 (W.D. Tex. 2024) ("[T]he existence

[1] Nor can Qualizza claim prejudice through continued litigation in the Eastern District of Missouri. On September 8, 2026, Judgment Debtor chose to file a separate lawsuit against Defendants in the City of St. Louis. The Eastern District of Missouri and the Circuit Court for the City of St. Louis reside one block apart (and merely a few blocks from the property underlying this litigation).

of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer.") (internal quotation omitted).

Qualizza's request that the Court defer ruling on transfer until after his amended complaint is filed (ECF No. 12 ¶ 32) should be denied. The Court need not wait for a hypothetical pleading that, by Qualizza's own description, will be "confined to" issues already before the EDMO Court. *Id.* ¶ 19. Any narrowing of the complaint only strengthens the case for transfer—a complaint limited to "account-exemption and post-satisfaction accounting issues" is even more closely connected to the EDMO enforcement proceedings than the Original Petition in this case. The Court should exercise its discretion to transfer this case to the Eastern District of Missouri.

**E. Judgment Debtor concedes that the first-to-file rule warrants dismissal or transfer.**

Alternatively, this Court should exercise its discretion and refuse to hear this case because the operative facts and underlying claims asserted by Qualizza here are identical to those in the EDMO Case. Both of these cases and the New Missouri Lawsuit involve the same people, same property, and the same *Consent Judgment*. *Satco Prods., Inc. v. Signify N. Am. Corp.*, No. 6:21-CV-00146-ADA, 2021 WL 4200619, at *1 (W.D. Tex. Sept. 14, 2021) (Albright, J.) (citing *Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 603 (5th Cir. 1999)). Notably, Qualizza's response concedes that the substantial overlap between the EDMO Case and this case "require serious consideration under" the first-to-file rule. ECF No. 12, at 21.

Although he acknowledges the substantial overlap warrants "serious consideration" of the first-to-file rule, Qualizza nevertheless asks this Court to defer its ruling on Defendants' Motion to Dismiss so that Qualizza can file an amended complaint. Deferral is not necessary because Qualizza's response disclosed exactly what the Court can expect from his amended filing: (1) determination of exemptions applicable to his garnished bank accounts and (2) determination of the amount remaining on the Consent Judgment. *See id.* ¶ 34 ("Under the

proposed amendment, the property issues concern the frozen accounts, while the accounting issue concerns the remaining judgment balance."). As explained above and in the Motion to Dismiss, those questions have already been presented to the EDMO Case and necessarily must be resolved there. USB filed the EDMO Case several years ago and obtained the Consent Judgment well before Qualizza initiated this proceeding. This Court should refuse to hear Qualizza's duplicative claims in this proceeding, which is the second-filed litigation over the same issues. There is indisputably substantial overlap between these two cases and no compelling circumstances exist that necessitate this Court proceeding with this matter. *Satco Prods., Inc. v. Signify N. Am. Corp., No. 6:21-CV-00146-ADA, 2021 WL 4200619,* at *2. Thus, USB respectfully requests that the Court decline consideration of Qualizza's case. *See Hart v. Donostia LLC*, 290 F. Supp. 3d 627 (W.D. Tex. 2018) ("The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.") (*quoting W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985)).

**CONCLUSION**

For the foregoing reasons and reasons stated in the Motion to Dismiss, Defendants respectfully request that the Court: (1) dismiss this action under Rule 12(b)(6) for failure to state a claim upon which relief may be granted; (2) dismiss this action under Rule 12(b)(3) for improper venue; or (3), in the alternative, transfer this action to the Eastern District of Missouri under 28 U.S.C. § 1404(a). Defendants request that any dismissal be with prejudice. If the Court is not inclined to dismiss or transfer the case, Defendants respectfully ask that the Court abate this matter until the EDMO Case is closed.

Dated**:** September 15, 2026

Respectfully submitted,

**THOMPSON COBURN LLP**

By: */s/ Alexander J. Pennetti*
Alexander J. Pennetti

State Bar No. 24110208
apennetti@thompsoncoburn.com
2100 Ross Avenue, Suite 3200
Dallas, Texas 75201
Tel: (972) 629-7100
Fax: (972) 629-7171

Brian Hockett (admitted *pro hac vice*)
bhockett@thompsoncoburn.com
Caleb Crahan (admitted *pro hac vice*)
ccrahan@thompsoncoburn.com
One US Bank Plaza
St. Louis, Missouri 63101
Tel: (314) 552-6000
Fax: (314) 552-7000

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that, on September 15, 2026, I had this document served on Plaintiff via the Court's electronic filing system and via certified mail, return receipt requested. A courtesy copy of this motion was delivered to Plaintiff via email. The certified mail and email were delivered to Qualizza's last known physical and email address, as follows:

Michael S. Qualizza
*Pro Se*
1220 Marly Way
Austin, Texas 78733
Telephone: (773) 960-1181
Email: mqualizza@yahoo.com

Dated**:** September 15, 2026

*/s/ Alexander J. Pennetti*
Alexander J. Pennetti