**RECEIVED**
September 14, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: pg
DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**FILED**
September 14, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

| | | |
|---|---|---|
| MICHAEL S. QUALIZZA and | § | |
| KIMBERLY HOPE QUALIZZA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | 1:26-cv-02251-ABD-SH |
| U.S. BANK NATIONAL ASSOCIATION and | § | |
| U.S. BANCORP COMMUNITY | § | |
| DEVELOPMENT CORPORATION, | § | |
| | § | |
| Defendants. | § | |

# PLAINTIFFS' FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS


I. NATURE OF THE ACTION ........ 3

II. PARTIES ........ 4

III. JURISDICTION AND VENUE ........ 4

IV. FACTUAL ALLEGATIONS ........ 5

A. The Consent Judgment and the Partial Satisfaction ........ 5

B. The garnishment process directed at Plaintiffs' Texas accounts ........ 6

C. Defendants' position on exempt property, and the absence of any release ........ 10

D. The balance Defendants claim, and the discrepancies in it ........ 10

V. CAUSES OF ACTION ........ 11

Count One: Declaratory Judgment (28 U.S.C. §§ 2201-2202), Exempt Status of Plaintiffs' Retirement Accounts Under Texas Property Code § 42.0021 ........ 11

Count Two: Declaratory Judgment (28 U.S.C. §§ 2201-2202), Property of a Non-Debtor 13

Count Three: Declaratory Judgment (28 U.S.C. §§ 2201-2202), Non-Domestication of the Consent Judgment in Texas ........ 15

Count Four: Equitable Accounting and Declaratory Judgment as to the Balance Due ........ 17

Count Five: Injunctive Relief (Fed. R. Civ. P. 65) ........ 18

VI. RESERVATION ........ 19

VII. PRAYER FOR RELIEF ........ 19

Certificate of Service ........ 22

Index of Exhibits ........ 23

**TO THE HONORABLE ANDREW B. DAVIS, UNITED STATES DISTRICT JUDGE:**

Plaintiff Michael S. Qualizza and Plaintiff Kimberly Hope Qualizza, appearing pro se, file this First Amended Complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B) and Local Rule CV-15(a)–(b), within 21 days of the filing of Defendants' Motion to Dismiss (Doc. 7, filed August 24, 2026). To the extent Rule 15(a)(2) or Rule 21 is read to require leave to join Kimberly Hope Qualizza as a plaintiff, Plaintiffs request leave: her claims arise from the same writs of garnishment and present common questions of law and fact. Fed. R. Civ. P. 20(a)(1).

## I. NATURE OF THE ACTION

1. This is an action by a Texas resident and his wife, seeking a declaration of their rights under Texas law regarding property located in Texas that Defendants have caused to be frozen through the post-judgment garnishment process, an accounting of the amount remaining unpaid on a judgment that Defendants themselves have declared to be more than ninety-three percent satisfied, and related equitable relief against Defendants.

2. Plaintiffs do not ask this Court to review, vacate, modify, or enjoin any order of the United States District Court for the Eastern District of Missouri. They do not dispute that the Judgment by Consent with Stay of Execution entered in that court on October 15, 2025 (the "Consent Judgment") was entered and that it fixed Michael Qualizza's liability as of that date. The questions presented here arose after that judgment and are not answered by it: whether retirement accounts of a Texas resident are exempt under Texas law from seizure to satisfy debts; whether the separate property of his wife, who owes Defendants nothing, may be held for his debt; whether Defendants, who concede they have never domesticated the Consent Judgment in Texas, may treat

property located in Texas as available to satisfy it; and how much of the judgment remains unpaid after the $13,299,435.43 Defendants have acknowledged receiving.

## II. PARTIES

3. Plaintiff Michael S. Qualizza ("Qualizza") is an individual residing and domiciled at 1220 Marly Way, Austin, Travis County, Texas 78733. He is a citizen of Texas.

4. Plaintiff Kimberly Hope Qualizza ("Kimberly Qualizza") is an individual who resides and is domiciled at the same address and is a citizen of Texas. She is Qualizza's wife. She is not a party to the Consent Judgment, is not a judgment debtor of either Defendant, and owes Defendants nothing. She sues in her own right to protect her separate property and her interest in jointly titled property that Defendants have caused to be restrained.

5. Defendant U.S. Bank National Association ("U.S. Bank") is a national banking association. For purposes of 28 U.S.C. § 1348, it is a citizen of the state where its main office, as designated in its articles of association, is located. As Defendants allege in their Notice of Removal (Doc. 1), that state is not Texas. U.S. Bank has appeared in this action through counsel and may be served through its counsel of record.

6. Defendant U.S. Bancorp Community Development Corporation ("USBCDC") is a corporation that, as Defendants allege in their Notice of Removal (Doc. 1), is neither incorporated in nor maintains its principal place of business in Texas. USBCDC has appeared in this action through counsel and may be served through its counsel of record.

## III. JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiffs are citizens of Texas; Defendants are citizens of states other than Texas, as Defendants themselves alleged in removing this action (Doc. 1); and the amount in controversy exceeds $75,000, exclusive

of interest and costs. The property whose exempt status is in dispute includes a retirement account holding $984,246.11 and a second retirement account holding $160,373.40, and the balance in dispute on the accounting exceeds $75,000.

8. This action was commenced in the 353rd District Court of Travis County, Texas, Cause No. D-1-GN-26-005626 and was removed by Defendants to this Court under 28 U.S.C. §§ 1441 and 1446. Doc. 1. Venue of a removed action lies in "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); 28 U.S.C. § 1390(c); Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665 (1953). Travis County lies within the Austin Division of the Western District of Texas. Venue is therefore proper in this Court. Defendants selected this forum by removing, and having done so, may not be heard to argue that the Court should decline to exercise the jurisdiction they invoked.

9. The Court has personal jurisdiction over Defendants, who removed this action to this Court and have appeared without contesting personal jurisdiction. Defendants also purposefully directed the conduct at issue at Texas: they caused garnishment process to be served on financial institutions holding accounts of Texas residents, at Texas addresses, and the consequences of that process have been felt in Texas.

## IV. FACTUAL ALLEGATIONS

### A. The Consent Judgment and the Partial Satisfaction

10. On January 29, 2021, U.S. Bank sued Qualizza, Neil D. Freeman, and Timothy Dixon in the United States District Court for the Eastern District of Missouri, No. 4:21-cv-00120-MTS (the "Missouri Action"), on a 2017 construction loan and guaranty relating to a hotel in St. Louis, Missouri. Doc. 7 at 2-3.

11. On October 15, 2025, the Missouri court entered the Consent Judgment in the amount of $14,250,000.00, jointly and severally, against Qualizza, Freeman, and Dixon. Missouri Action, ECF No. 257; Doc. 7 at 3; Doc. 7-1, Ex. A.

12. On or about March 5, 2026, the hotel was sold for $14,000,000. Of the sale proceeds, $13,299,435.43 was paid to U.S. Bank and applied to the Consent Judgment. On April 29, 2026, U.S. Bank filed a Partial Satisfaction of Judgment in the Missouri Action reciting that the judgment had been satisfied in that amount. Missouri Action, ECF No. 259; Doc. 7 at 4.

13. Defendants have stated to this Court that the Consent Judgment "makes no reference to, nor is the extent of Judgment Debtor's personal liability connected to, the sale of a hotel," Doc. 7 at 4, and that "the sale of the hotel did not involve Judgment Creditor," Doc. 7 at 6.

14. Defendants have stated to this Court that they have not domesticated, registered, or filed the Consent Judgment in Texas. Doc. 7 at 14. No foreign judgment against either Plaintiff has been filed in any Texas court under Chapter 35 of the Texas Civil Practice and Remedies Code, and no action on the Consent Judgment has been brought in Texas.

**B. The garnishment process directed at Plaintiffs' Texas accounts**

15. On May 26, 2026, U.S. Bank applied to the Missouri court for writs of garnishment and summonses to garnishee directed to six financial institutions: Charles Schwab & Co., Inc. (Missouri Action, ECF No. 263); TD Ameritrade, Inc. (ECF No. 264); JPMorgan Chase Bank, N.A. (ECF No. 265); Capital One Financial Corporation (ECF No. 266); Raymond James & Associates, Inc. (ECF No. 267); and T. Rowe Price Associates, Inc. (ECF No. 268). U.S. Bank refiled the applications (ECF Nos. 271-276), and the Clerk issued the writs (ECF Nos. 279-284). True copies of the summons and writ directed to TD Ameritrade, Inc. are attached as Exhibit A;

of the summons and writ directed to Raymond James & Associates, Inc. as Exhibit B; and of the summons and writ directed to T. Rowe Price Associates, Inc. as Exhibit E.

16. Each writ commands the garnishee to hold "all goods, personal property, money, credits, bonds, bills, notes, checks, choses in action, or other effects and all debts owed to" Qualizza, up to "the total unpaid balance of $990,813.49 as of May 26, 2026, plus interest at the rate of $239.58 per day." Ex. A at 5. Each summons states that the garnishment "is directed to any and all property belonging to and assets of" Qualizza, "including but not limited to any and all depository accounts held in the name of or for the benefit of" Qualizza, "and any other property of whatever type belonging to" him. Ex. A at 2. The writs contain no exception for property exempt under Texas law or Missouri law and no exception for property of persons other than the judgment debtor.

17. The writ directed to TD Ameritrade, Inc. was served on Charles Schwab & Co., Inc. ("Schwab"), as successor in interest to TD Ameritrade, on June 23, 2026. Schwab answered the garnishment interrogatories under oath (the "Schwab Answer"), a true copy of which is attached as Exhibit C. Schwab identified the following accounts and restricted four of them:

(a) Schwab Account No. XXXX-5627, an Individual Retirement Simplified Employee Pension (SEP-IRA) brokerage account in the name of Michael S. Qualizza, containing $38,734.93 in cash and $945,511.18 in securities, for a total of $984,246.11. Restricted. Ex. C at 3-4.

(b) Schwab Account No. XXXX-6579, a Rollover Individual Retirement Account in the name of Michael S. Qualizza, balance $0.00. Restricted. Ex. C at 4.

(c) Schwab Account No. XXXX-3815, a Joint-Tenant brokerage account in the names of Michael S. Qualizza and Kimberly Hope Qualizza, balance $500.00. Restricted. Ex. C at 4.

(d) Schwab Account No. XXXX-6416, an individual brokerage account, balance $0.00. Restricted. Ex. C at 4.

(e) Schwab Account No. XXXX-8820, a Roth Contributory Individual Retirement Account in the name of Michael S. Qualizza, and Schwab Account No. XXXX-4858, a custodial account held for the benefit of a minor, which Schwab did not restrict because the summons was issued to TD Ameritrade rather than to Schwab. Ex. C at 3-4 & nn.5, 11.

18. Schwab stated under oath that all of these accounts "are affiliated with a Texas address," and that "Schwab is uncertain whether or to what extent the fact that the account holder appears to reside in Texas and/or that these are Texas accounts impacts the Writ." Ex. C at 3 n.2. Schwab further disclosed that Account No. XXXX-5627 carries margin features under which a decline in market value could trigger "mandatory liquidation of positions," and that securities in the account "are subject to daily market fluctuation." Ex. C at 4 n.7.

19. The writ directed to Raymond James & Associates, Inc. ("Raymond James") was likewise served. On September 3, 2026, Raymond James answered under oath (the "Raymond James Answer") and, on September 8, 2026, filed a true copy of that answer in the Missouri Action as ECF No. 326, which is attached as Exhibit D. Raymond James identified an Individual Retirement Account in Qualizza's name, ending in 2054, with a balance of $160,373.40 as of September 3, 2026, which it is holding subject to the writ. Ex. D. The Raymond James Answer was served on Defendants' counsel but not on Qualizza. Three other Raymond James accounts,

held solely in the name of Kimberly Qualizza (a transfer-on-death account, an IRA, and a Roth IRA), are her individual property and are not accounts of the judgment debtor.

20. The writ directed to T. Rowe Price Associates, Inc. ("T. Rowe Price") reached an account that is titled jointly in the names of Kimberly Qualizza and Qualizza but that consists entirely of Kimberly Qualizza's premarital and separate property. Kimberly Qualizza and her mother originally held the account. In 2012, when her mother fell ill, Qualizza was added to the title for probate and estate-planning convenience only. No funds of any kind have been deposited into the account in approximately eighteen years; Qualizza has never contributed to it; and Qualizza claims no beneficial interest in it. Both Plaintiffs so declared under penalty of perjury in the Missouri Action on August 4, 2026. Missouri Action, ECF Nos. 315-318, 319. T. Rowe Price has held the account subject to the writ since service.

21. Defendants knew that the writs reached Kimberly Qualizza's property. On or about July 6, 2026, Defendants' counsel sent her, by certified mail to Austin, Texas, a Notice of Third-Party Right to Intervene in the Missouri garnishment proceedings, which she never received. Defendants did not, then or since, instruct any garnishee to release her property.

22. As a result of the writs, more than $1,144,000 of Qualizza's retirement savings, held in accounts that Texas law exempts from attachment, execution, and seizure, has been frozen since June 2026, along with the Schwab joint account and the T. Rowe Price account in which Kimberly Qualizza holds her separate property. Qualizza cannot manage the SEP-IRA securities, rebalance, reduce margin exposure, or take distributions. The restraint continues and causes ongoing harm.

**C. Defendants' position on exempt property, and the absence of any release**

23. Qualizza filed and later amended a Verified Claim of Exemption in the Missouri Action, identifying the SEP-IRA, the Rollover IRA, the Roth IRA, and the Raymond James IRA,

among other property, as exempt. Missouri Action, ECF No. 319. He has also asked the court to restrain execution against exempt property. ECF Nos. 315-318. Defendants have described that application as "still pending." Doc. 7 at 5.

24. Under Rule 90.035(b), a garnishee that objects to a verified claim of exemption must file a request for court review within 20 days; "[i]f a request for court review is not timely filed, the garnishee shall release from garnishment the funds claimed as exempt." Defendants did not file a request for court review of Qualizza's Verified Claim of Exemption within that period.

25. Defendants therefore assert, through the process they obtained and continue to maintain, a present claim to property that they have told a federal court they do not intend to take. That is a live and concrete controversy over the exempt status of specific, identified property, not a request for an advisory opinion.

**D. The balance Defendants claim, and the discrepancies in it**

26. In the writs issued May 26, 2026, U.S. Bank certified that the unpaid principal balance of the Consent Judgment as of March 7, 2026, was $971,646.76; that interest accrues on that principal at nine percent per annum, or $239.58 per day ("calculated as $971,646.76 x 9% ÷ 365"); that unpaid interest as of May 26, 2026, was $19,166.73; and that the total balance as of May 26, 2026, was therefore $990,813.49. Ex. A at 5.

27. On September 8, 2026, in a filing in the Missouri Action, U.S. Bank represented that the balance of the Consent Judgment as of September 7, 2026, was $1,036,812.43, with interest continuing at $239.58 per day. Missouri Action, ECF No. 327 at 2-3.

28. Those two figures cannot both be correct on U.S. Bank's own stated formula. Applying $239.58 per day to the $971,646.76 principal for the 184 days from March 7, 2026, to September 7, 2026, yields accrued interest of $44,082.72 and a balance of $1,015,729.48, not

$1,036,812.43. The September 7 figure exceeds U.S. Bank's own arithmetic by $21,082.95. Defendants have not explained the difference, have not disclosed how the $13,299,435.43 payment was allocated between principal, interest, fees, and costs, and have not accounted for any amounts received from any garnishee or from any co-judgment debtor since March 7, 2026.

29. Plaintiffs cannot determine from the record how much, if anything, remains owed under the Consent Judgment, and the amount Defendants demand from garnishees is a moving target that Defendants alone control. An accounting is necessary to fix the balance, and the balance, in turn, defines the maximum reach of any process directed at Plaintiffs' property.

## V. CAUSES OF ACTION

### COUNT ONE

**Declaratory Judgment (28 U.S.C. §§ 2201-2202): Exempt Status of Plaintiffs' Retirement Accounts Under Texas Property Code § 42.0021**

30. Plaintiffs incorporate the foregoing paragraphs.

31. Under Texas Property Code § 42.0021(b), "a person's interest in and right to receive payments from a qualified savings plan, whether vested or not, is exempt from attachment, execution, and seizure for the satisfaction of debts." A "qualified savings plan" includes "a simplified employee pension plan," "an individual retirement account or annuity," and "a Roth IRA," to the extent the plan or account is exempt from federal income tax or federal income tax on the person's interest is deferred until actual payment of benefits. Tex. Prop. Code § 42.0021(a)(3), (4), (5). Amounts distributed from such a plan remain exempt for 60 days after distribution, and indefinitely if rolled over. Id. § 42.0021(e).

32. Schwab Account No. XXXX-5627 is a simplified employee pension plan individual retirement account. Schwab Account No. XXXX-6579 is a rollover individual retirement account. Schwab Account No. XXXX-8820 is a Roth IRA. Raymond James Account

No. ending 2054 is an individual retirement account. Each is exempt from federal income tax, or Qualizza's interest in each is exempt from federal income tax until distribution, within the meaning of § 42.0021(a). Each is therefore a qualified savings plan, and Qualizza's interest in each is exempt from attachment, execution, and seizure to satisfy debts under Texas law.

33. Qualizza is domiciled in Texas, and the accounts are maintained at Texas addresses. Texas law governs the exemptions available to him in his personal property. If Missouri law governed, the result would be the same: Missouri likewise exempts a debtor's interest in an individual retirement account, a simplified employee pension, and a Roth IRA. Mo. Rev. Stat. § 513.430.1(10)(f). Under Federal Rule of Civil Procedure 69(a)(1), the procedure on execution of a federal judgment must accord with the law of the state where the issuing court is located, and no state's law has been identified under which these accounts are subject to seizure.

34. Defendants are private judgment creditors. The federal statutes that allow the United States to reach retirement accounts despite state exemptions, including 28 U.S.C. § 3014 and 18 U.S.C. § 3613, apply only to debts owed to the United States and are inapplicable here. A private creditor enforcing a money judgment takes the debtor's property subject to state-law exemptions. Fed. R. Civ. P. 69(a)(1).

35. The declaration sought in this Count is in personam against Defendants, who are before this Court by their own removal. Qualizza has asserted the same exemptions in the Missouri Action (ECF No. 319), and nothing in this Count asks this Court to review any ruling of that court. Because Texas and Missouri law both exempt the accounts, a declaration of Plaintiffs' rights under Texas law poses no risk of inconsistent adjudication.

36. Defendants dispute, or by their conduct deny, that the accounts are exempt: they obtained writs that contain no exemption, they have maintained the resulting restraints for nearly

three months, and they have declined to release the accounts even after representing that they do not intend to execute on exempt property. An actual, justiciable controversy therefore exists between the parties as to the exempt status of identified property in which Plaintiffs have a present, concrete interest.

37. Plaintiffs are entitled to a declaration under 28 U.S.C. § 2201 that Qualizza's interest in Schwab Account Nos. XXXX-5627, XXXX-6579, and XXXX-8820 and in Raymond James Account No. ending 2054 is exempt from attachment, execution, and seizure for the satisfaction of the Consent Judgment under Texas Property Code § 42.0021, and to such further necessary or proper relief under 28 U.S.C. § 2202 as will give effect to that declaration as between Plaintiffs and Defendants.

## COUNT TWO
## Declaratory Judgment (28 U.S.C. §§ 2201-2202): Property of a Non-Debtor

38. Plaintiffs incorporate the foregoing paragraphs.

39. Kimberly Qualizza is not a judgment debtor of Defendants and owes them nothing. The writs and summonses, by their own terms, are directed only to property "belonging to" the judgment debtor, Ex. A at 2; Ex. E at 2, and do not purport to reach property belonging to any other person.

40. The T. Rowe Price account is Kimberly Qualizza's separate property within the meaning of Texas Family Code § 3.001: it consists of property she owned before marriage and property acquired by her from her mother, and no marital funds have ever been added to it. Qualizza's name on the title, added in 2012 solely for estate-planning convenience, conveyed no beneficial interest to him, and he disclaims any interest. Under Texas Family Code § 3.202(a), a spouse's separate property is not subject to the liabilities of the other spouse. The T. Rowe Price

account is therefore not property "belonging to" the judgment debtor and is not subject to garnishment for his debt.

41. Schwab Account No. XXXX-3815 is held by Michael S. Qualizza and Kimberly Hope Qualizza as joint tenants. Kimberly Qualizza's undivided interest in that account is not property "belonging to" the judgment debtor, and the writ does not authorize seizure of that interest. Under Texas Family Code § 3.202(a), her separate property is not subject to Qualizza's liabilities, and no court has determined that her interest in this account is property of Michael Qualizza available to satisfy his debts. 42. The three Raymond James accounts held solely in Kimberly Qualizza's name are her individual property. To the extent Defendants assert any claim to those accounts under the writ directed to Raymond James, that claim is likewise without basis.

42. <Placeholder>

43. Schwab has restricted the entire joint account, Ex. C at 4, and T. Rowe Price has held the T. Rowe Price account under the writ since service. Defendants have represented that they do not intend to execute on property belonging to third parties, Missouri Action, ECF No. 320, and have known since at least July 6, 2026, that the writs reached Kimberly Qualizza's property, yet have not released it. An actual controversy exists.

44. Plaintiffs are entitled to a declaration that the T. Rowe Price account is the separate property of Kimberly Qualizza, that her interest in Schwab Account No. XXXX-3815 and her three Raymond James accounts are not property of Michael Qualizza, and that none of that property is subject to attachment, execution, or seizure for the satisfaction of the Consent Judgment, together with further relief under 28 U.S.C. § 2202 as between Plaintiffs and Defendants.

## COUNT THREE

**Declaratory Judgment (28 U.S.C. §§ 2201-2202): Non-Domestication of the Consent Judgment in Texas**

45. Plaintiffs incorporate the foregoing paragraphs.

46. A judgment of another jurisdiction has no force in Texas as a Texas judgment until it is domesticated, either by filing an authenticated copy under the Uniform Enforcement of Foreign Judgments Act, Tex. Civ. Prac. & Rem. Code §§ 35.001-35.008, or by an action on the judgment resulting in a Texas judgment. Until then, no Texas court may issue execution, garnishment, or other process on it, and the judgment creditor has no lien on the debtor's property in Texas. Defendants concede they have done neither. Doc. 7 at 14.

47. Nor have Defendants registered the Consent Judgment in this District or in any other district court in Texas under 28 U.S.C. § 1963, which is the federal analog to Chapter 35 and the prerequisite to any enforcement process issued by a federal court in Texas. On information and belief, no such registration exists. Defendants have therefore invoked neither of the two routes by which a judgment rendered elsewhere may be enforced against property in Texas by a Texas court, state or federal.

48. Plaintiffs' accounts are maintained at Texas addresses by institutions doing business in Texas, and Plaintiffs are Texas domiciliaries. Defendants nevertheless assert, through the writs and their continued maintenance, that all of Plaintiffs' "property of whatever type," wherever located, is presently available to satisfy the Consent Judgment. Ex. A at 2. Defendants' assertion is inconsistent with Chapter 35 and with the rights Texas law confers on Texas residents in Texas property, including the exemptions in Chapter 42 of the Texas Property Code, which a judgment creditor cannot avoid by declining to domesticate its judgment. Consistent with Plaintiff's Response to the Motion (Doc. 12 at 15), Plaintiffs do not contend that the absence of Texas domestication by itself invalidates the writs issued by the Missouri court; the point is that

Defendants hold no Texas judgment and no Texas lien, and that Plaintiffs' rights in Texas property are measured by Texas law.

49. An actual controversy exists as to whether, absent domestication, Defendants may treat Plaintiffs' Texas property as subject to seizure for the Consent Judgment, and as to what rights Plaintiffs hold in that property under Texas law. Plaintiffs are entitled to a declaration that the Consent Judgment has not been domesticated in Texas; that Defendants hold no Texas judgment and no lien under Texas law on any property of Plaintiffs located in Texas; and that any effort by Defendants to reach Plaintiffs' property located in Texas is subject to the exemptions and protections of Texas law.

**COUNT FOUR**

**Equitable Accounting and Declaratory Judgment as to the Balance Due**

50. Plaintiffs incorporate the foregoing paragraphs.

51. A judgment debtor is entitled to credit for every payment made on a judgment and to know the amount that remains unpaid. Defendants have exclusive possession of the information needed to determine that amount: the closing disbursement records, the allocation of the $13,299,435.43 payment among principal, interest, fees, and costs, the amounts received from any garnishee or co-judgment debtor, and the method by which Defendants computed the $1,036,812.43 figure they asserted on September 8, 2026. Defendants' own figures are internally inconsistent by $21,082.95 on their stated formula, and the discrepancy cannot be resolved from the public record.

52. Because the accounts between the parties involve the application of a multi-million-dollar payment across principal, interest, fees, and costs under a judgment and an underlying loan agreement whose payment-application methodology Defendants have not disclosed; the computation of per diem interest over time on a declining principal balance; the possible receipt

of additional amounts from co-judgment debtors Freeman and Dixon or from garnishees that have not been credited; and because the necessary information, including the closing disbursement records, the lender's internal ledger, and the allocation schedule, is in Defendants' exclusive possession and cannot be reconstructed from the public record, Plaintiffs have no adequate remedy at law and are entitled to an equitable accounting.

53. No proceeding pending in the Missouri Action will determine the balance due. No motion to fix the amount of the judgment, to determine credits, or to compel an accounting is before that court, and the post-judgment procedures available there under Federal Rule of Civil Procedure 69 do not provide one. The amount Defendants may lawfully demand of the Texas garnishees, and therefore the extent of the restraint on Plaintiffs' Texas property, depends on the answer. In the alternative to an equitable accounting, Plaintiffs seek the declaratory relief described in the following paragraph, with the accounting as the "further necessary or proper relief" that 28 U.S.C. § 2202 authorizes.

54. An actual controversy also exists as to the amount remaining unpaid on the Consent Judgment after the Partial Satisfaction. Plaintiffs are entitled to a declaration, following the accounting, of the amount, if any, that remained unpaid on the Consent Judgment as of the date of the Partial Satisfaction and as of the date of judgment in this action, and of the correct per diem interest, so that the parties and any garnishee may know the limit of what Defendants may lawfully demand.

## COUNT FIVE
## Injunctive Relief (Fed. R. Civ. P. 65)

55. Plaintiffs incorporate the foregoing paragraphs.

56. Plaintiffs seek preliminary and permanent injunctive relief directed to Defendants only, and not to any court or its process: an order enjoining Defendants, and those acting in concert

with them, from seeking or accepting turnover, payment, or liquidation of the property declared exempt or declared to belong to a non-debtor under Counts One and Two, and requiring Defendants to give notice to each garnishee that such property is released from any demand by Defendants. Plaintiffs expressly do not ask this Court to enjoin, stay, or interfere with any order or writ of the United States District Court for the Eastern District of Missouri; the relief sought operates on Defendants' own conduct as parties before this Court.

57. Absent such relief, Plaintiffs face irreparable harm: the accounts contain securities subject to daily market fluctuation and margin requirements that may force liquidation, Ex. C at 4 n.7; distributions from a retirement account would be irreversible and would carry tax consequences that cannot be undone; and Plaintiffs are deprived of the use and management of their property. The balance of hardships favors Plaintiffs, because Defendants have represented that they do not intend to execute on exempt or third-party property and lose nothing by being held to that representation. The public interest is served by giving effect to the exemptions the Texas Legislature has enacted.

58. The Anti-Injunction Act, 28 U.S.C. § 2283, restricts injunctions against proceedings in state courts and has no application to relief directed at the conduct of parties before this Court. To the extent the Court concludes that any part of the relief requested in this Count would interfere with the process of the United States District Court for the Eastern District of Missouri, Plaintiffs ask that the Court tailor the relief accordingly rather than deny it, and Plaintiffs reserve the right to seek corresponding relief in that court.

## VI. RESERVATION

59. Plaintiffs reserve the right to seek leave to amend to add claims and parties, including any garnishee, as discovery and the proceedings in the Missouri Action may warrant.

Nothing in this pleading waives any claim, defense, objection, or exemption asserted by Qualizza in the Missouri Action or in any other proceeding.

## VII. PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, and:

(a) declare that Michael S. Qualizza's interest in Schwab Account Nos. XXXX-5627, XXXX-6579, and XXXX-8820 and in Raymond James Account No. ending 2054 is exempt from attachment, execution, and seizure for the satisfaction of the Consent Judgment under Texas Property Code § 42.0021;

(b) declare that the T. Rowe Price account is the separate property of Kimberly Hope Qualizza, that her interest in Schwab Account No. XXXX-3815 and her individually held Raymond James accounts are not the property of Michael S. Qualizza, and that none of that property is subject to attachment, execution, or seizure for the satisfaction of the Consent Judgment;

(c) declare that the Consent Judgment has not been domesticated in Texas, that Defendants hold no Texas judgment against Plaintiffs and no lien under Texas law on property of Plaintiffs located in Texas, and that any effort by Defendants to reach such property is subject to the exemptions and protections of Texas law;

(d) order Defendants to render a full accounting of all amounts received and credited on the Consent Judgment, including the allocation of the $13,299,435.43 payment, and thereafter declare the amount, if any, remaining unpaid and the correct per diem interest;

(e) grant preliminary and permanent injunctive relief against Defendants as described in Count Five;

(f) award Plaintiffs their costs of court; and

(g) grant Plaintiffs all other and further relief, at law or in equity, to which they may be justly entitled.

Dated: September 14, 2026

Respectfully submitted,

**Michael S. Qualizza**
Pro Se
1220 Marly Way
Austin, Texas 78733
Telephone: (773) 960-1181
Email: mqualizza@yahoo.com

Kimberly Qualizza

**Kimberly Hope Qualizza**
Pro Se
1220 Marly Way
Austin, Texas 78733

**CERTIFICATE OF SERVICE**

I certify that on September 14, 2026, the foregoing First Amended Complaint, with Exhibits A through E and the accompanying Index of Exhibits, Record Citations, Authorities, Timeline, and Argument Map, was submitted to the Clerk of Court for filing through the Court's electronic submission process for self-represented litigants, and that on the same date a true and correct copy was sent by electronic mail to counsel of record for Defendants: Alexander J. Pennetti (apennetti@thompsoncoburn.com), Thompson Coburn LLP, 2100 Ross Avenue, Suite 3200, Dallas, Texas 75201; and Mark Bossi (mbossi@thompsoncoburn.com), Brian W. Hockett (bhockett@thompsoncoburn.com), and Caleb S. Crahan (ccrahan@thompsoncoburn.com), Thompson Coburn LLP, One US Bank Plaza, St. Louis, Missouri 63101.

**Michael S. Qualizza**
Pro Se
1220 Marly Way
Austin, Texas 78733
Telephone: (773) 960-1181
Email: mqualizza@yahoo.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| MICHAEL S. QUALIZZA and<br>KIMBERLY HOPE QUALIZZA,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION and<br>U.S. BANCORP COMMUNITY<br>DEVELOPMENT CORPORATION,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.<br>1:26-cv-02251-ABD-SH |

**INDEX OF EXHIBITS, RECORD CITATIONS, AUTHORITIES, TIMELINE, AND ARGUMENT MAP IN SUPPORT OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

Plaintiffs Michael S. Qualizza and Kimberly Hope Qualizza, appearing pro se, submit this Index of Exhibits, Record Citations, Case Law and Statute Citations, Timeline, and Argument Map in support of their First Amended Complaint, filed September 14, 2026, under Federal Rule of Civil Procedure 15(a)(1)(B). It is offered so that every factual assertion in the pleading can be traced to a document and every legal proposition to its authority. Paragraph references are to the numbered paragraphs of the First Amended Complaint.

## EXHIBIT INDEX

The following exhibits are attached to and incorporated by reference in the First Amended Complaint (Fed. R. Civ. P. 10(c)). Exhibit pages are stamped "Ex. X - Page N" with the divider counted as page 1.

| Exhibit | Description | Purpose |
|---|---|---|
| **A** | Summons to Garnishee and Writ of Garnishment directed to TD Ameritrade, Inc., *U.S. Bank N.A. v. Qualizza*, No. 4:21-cv-00120-MTS (E.D. Mo.), ECF Nos. 264-1 and 264-2 (May 26, 2026) (6 pp.) | Text of the process reaches only property "belonging to" the judgment debtor (Ex. A at 2); certified balance $990,813.49 as of May 26, 2026, and $239.58 per diem (Ex. A at 5); no exemption carve-out (paras. 15, 16, 26, 39) |

| Exhibit | Description | Purpose |
|---|---|---|
| **B** | Summons to Garnishee and Writ of Garnishment directed to Raymond James & Associates, Inc., ECF Nos. 267-1 and 267-2 (May 26, 2026) (6 pp.) | Process reaching the Raymond James IRA (para. 15, 19) |
| **C** | Answers to Interrogatories by Garnishee, Charles Schwab & Co., Inc., as successor in interest to TD Ameritrade, Inc. (writ served June 23, 2026) (7 pp.) | Sworn identification of the SEP-IRA ($984,246.11), Rollover IRA, Roth IRA, and joint account; Texas-address statement (Ex. C at 3 n.2); margin and forced-liquidation disclosure (Ex. C at 4 n.7) (paras. 17, 18, 43) |
| **D** | Garnishee's Answer, Raymond James & Associates, Inc., ECF No. 326 (sworn Sept. 3, 2026; filed Sept. 8, 2026) (6 pp.) | IRA ending 2054, $160,373.40, held subject to the writ; served on Defendants' counsel only (para. 19) |
| **E** | Summons to Garnishee and Writ of Garnishment directed to T. Rowe Price Associates, Inc., ECF Nos. 268-1 and 268-2 (May 26, 2026) (6 pp.) | Process reaching the T. Rowe Price account that is Kimberly Qualizza's separate property; limited to property "belonging to" the judgment debtor (Ex. E at 2) (paras. 15, 20, 39) |

## Record documents cited by docket number (not reproduced)

| Docket | Description | Cited for |
|---|---|---|
| **This Court, Doc. 1; Doc. 1-1** | Notice of Removal (Aug. 17, 2026) and Original Petition, 353rd District Court of Travis County, No. D-1-GN-26-005626 | Removal by Defendants; citizenship allegations; the superseded pleading (paras. 5-8) |
| **This Court, Doc. 7; Doc. 7-1** | Defendants' Motion to Dismiss and, alternatively, to Transfer (Aug. 24, 2026), with Pennetti Declaration and Exhibits | Admissions: Consent Judgment "makes no reference to" the sale (at 4); sale "did not involve Judgment Creditor" (at 6); judgment not domesticated in Texas (at 14); Second TRO Application "still pending" (at 5) (paras. 10-14, 23) |
| **This Court, Doc. 12** | Plaintiff's Response in Opposition to Doc. 7 (Sept. 8, 2026) | Scope of the amendment promised at paras. 19 and 29; Plaintiffs do not contend non-domestication alone invalidates the writs (para. 48) |
| **E.D. Mo. ECF 257** | Judgment by Consent with Stay of Execution (Oct. 15, 2025) | $14,250,000 joint and several judgment (para. 11) |
| **E.D. Mo. ECF 259** | Partial Satisfaction of Judgment (Apr. 29, 2026) | $13,299,435.43 recovered from the Mar. 5, 2026, sale (para. 12) |
| **E.D. Mo. ECF 263-268; 271-276; 279-284** | Garnishment applications (May 26, 2026), refiled applications, and issued writs (Schwab, TD Ameritrade, JPMorgan Chase, Capital One, Raymond James, T. Rowe Price) | Six garnishees; the operative writs (para. 15) |

| Docket | Description | Cited for |
|---|---|---|
| **E.D. Mo. ECF 286; 313** | Qualizza motion to quash, dissolve, or modify writs (June 2026); order denying without prejudice (July 29, 2026) | Exemptions first asserted within weeks of the freeze (para. 23) |
| **E.D. Mo. ECF 315-318; 319** | Application for Temporary Restraining Order to Protect Exempt Property with Declarations of Michael S. Qualizza and Kimberly H. Qualizza (Aug. 4, 2026); Verified Claim of Exemption (executed copy docketed Aug. 11, 2026) | Sworn identification of the exempt accounts and of the T. Rowe Price account as Kimberly Qualizza's premarital property (paras. 20, 23, 40) |
| **E.D. Mo. ECF 320** | Judgment Creditor's opposition to the TRO Application | Representation that Defendants do not intend to execute on exempt or third-party property (paras. 24, 25, 36, 43) |
| **E.D. Mo. ECF 326** | Raymond James garnishee answer (filed Sept. 8, 2026) = Exhibit D | See Exhibit D |
| **E.D. Mo. ECF 327** | Judgment Creditor's Response to Freeman's Petition to Register (Sept. 8, 2026) | Balance asserted as $1,036,812.43 as of Sept. 7, 2026 (paras. 27, 28) |

## CASELAW CITATIONS

The First Amended Complaint is a pleading and cites one decision; the governing law is statutory. The authorities supporting each count will be briefed in the accompanying Motion for Preliminary Injunction and in any response to a renewed Rule 12 motion.

| Cite | Caselaw | Cited for |
|---|---|---|
| **CL-1** | *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) | Venue of a removed action is governed by 28 U.S.C. § 1441(a), not § 1391 (para. 8). KeyCite: no negative treatment (Westlaw, Sept. 14, 2026) |

## STATUTE AND RULE CITATIONS

| Cite | Statute or Rule | Cited for |
|---|---|---|
| **SC-1** | Fed. R. Civ. P. 15(a)(1)(B) | Amendment as of course within 21 days after service of a Rule 12(b) motion; Doc. 7 filed Aug. 24, 2026; filed Sept. 14, 2026 (preamble) |
| **SC-2** | 28 U.S.C. § 1332(a)(1); 28 U.S.C. § 1348 | Diversity jurisdiction; citizenship of a national banking association (paras. 5, 7) |
| **SC-3** | 28 U.S.C. §§ 1441(a), 1446; 28 U.S.C. § 1390(c) | Removal; venue of a removed action lies in the district and division embracing the state court (para. 8) |

| Cite | Statute or Rule | Cited for |
|---|---|---|
| **SC-4** | Tex. Prop. Code § 42.0021(a)(3), (4), (5), (b), (e) | SEP plans, IRAs, and Roth IRAs are "qualified savings plans"; a person's interest is exempt from attachment, execution, and seizure; distributions remain exempt for 60 days and indefinitely if rolled over. Statutory text verified Sept. 14, 2026 (paras. 31, 32, 37) |
| **SC-5** | Mo. Rev. Stat. § 513.430.1(10)(f) | Missouri's parallel exemption for IRAs, SEPs, and Roth IRAs (para. 33) |
| **SC-6** | Fed. R. Civ. P. 69(a)(1) | Procedure on execution accords with the law of the state where the issuing court is located; a private creditor takes subject to state exemptions (paras. 33, 34) |
| **SC-7** | 28 U.S.C. § 3014; 18 U.S.C. § 3613 | Federal-creditor override of state exemptions applies only to debts owed to the United States; inapplicable to Defendants (para. 34) |
| **SC-8** | 28 U.S.C. §§ 2201-2202 | Declaratory Judgment Act; further necessary or proper relief (Counts One through Four) |
| **SC-9** | Tex. Fam. Code §§ 3.001, 3.003, 3.102, 3.202(a), (b) | Separate property; presumption and burden; sole-management community property; spouse's separate and sole-management property not subject to the other spouse's non-tortious liabilities (paras. 40-42) |
| **SC-10** | Tex. Civ. Prac. & Rem. Code §§ 35.001-35.008 | Uniform Enforcement of Foreign Judgments Act; domestication by filing an authenticated copy (para. 46) |
| **SC-11** | 28 U.S.C. § 1963 | Registration of a federal judgment in another district as the prerequisite to federal enforcement process there; no registration in Texas exists (para. 47) |
| **SC-12** | Fed. R. Civ. P. 65 | Preliminary and permanent injunctive relief directed to Defendants only (Count Five) |
| **SC-13** | 28 U.S.C. § 2283 | Anti-Injunction Act reaches state-court proceedings only; inapplicable to relief against parties before this Court (para. 58) |
| **SC-14** | Mo. Sup. Ct. R. 90.035(b) | Release demands served on the garnishees Aug. 26, 2026 (para. 24) |

## TIMELINE

Dates are taken from the face of the cited documents.

| Date | Event | Source | Why It Matters |
|---|---|---|---|
| Jan. 29, 2021 | U.S. Bank sues Qualizza, Freeman, and Dixon in E.D. Mo. on the 2017 loan and guaranty | **Doc. 7 at 2-3** | The transaction the Consent Judgment resolved |
| Oct. 15, 2025 | Judgment by Consent with Stay of Execution, $14,250,000, joint and several | **ECF 257** | Liability fixed as of this date; nothing here revisits it |
| Mar. 5, 2026 | Hotel sold for $14,000,000; $13,299,435.43 paid to U.S. Bank | **ECF 259; Doc. 7 at 4** | Judgment more than 93 percent satisfied |
| Mar. 7, 2026 | Principal balance $971,646.76 per U.S. Bank; $239.58 per diem | **Ex. A at 5** | Baseline for the accounting |
| Apr. 29, 2026 | Partial Satisfaction of Judgment filed | **ECF 259** | Post-judgment events determine what remains owed |
| May 26, 2026 | Garnishment applications to six institutions; refiled; writs issued | **ECF 263-268, 271-276, 279-284; Ex. A, B, E** | No exemption or third-party carve-out in the process |
| June 23, 2026 | Writ served on Schwab (successor to TD Ameritrade) | **Ex. C at 2** | Freeze begins |
| June 25-26, 2026 | Qualizza learns of the freeze from Schwab; the Notice of Garnishment is emailed to former counsel but never mailed to Qualizza. | **ECF 315-318 (Qualizza Decl.)** | No service on the debtor at his address |
| June 2026 | Qualizza moves to quash or modify the writs | **ECF 286** | Exemptions asserted within weeks |
| July 6, 2026 | Defendants' counsel sends Kimberly Qualizza a Notice of Third Party Right to Intervene by certified mail (not received) | **ECF 315-318 (K. Qualizza Decl.)** | Defendants knew the writs reached her property |
| July 23, 2026 | Defendants served in the Travis County action | **Doc. 7 at 6** | Texas action commenced |
| July 29, 2026 | Motion to quash denied without prejudice on procedural grounds | **ECF 313** | Verified claim follows |
| Aug. 4 / Aug. 11, 2026 | TRO Application with Declarations of Michael and Kimberly Qualizza; Verified Claim of Exemption (executed copy docketed Aug. 11) | **ECF 315-318, 319** | Sworn identification of exempt and third-party property |
| Aug. 17, 2026 | Defendants remove the Travis County action to this Court | **Doc. 1** | Defendants chose this forum. |

| Date | Event | Source | Why It Matters |
|---|---|---|---|
| Aug. 2026 | Defendants oppose the TRO Application; represent no intent to execute on exempt or third-party property. | **ECF 320** | The representation Count Five asks the Court to hold them to |
| Aug. 24, 2026 | Defendants move to dismiss or transfer | **Doc. 7** | Starts the 21-day Rule 15(a)(1)(B) period |
| Aug. 26, 2026 | Qualizza sends Rule 90.035(b) release demands to every garnishee, copying Defendants' counsel | **para. 24** | No release follows |
| Sept. 3 / Sept. 8, 2026 | Raymond James answers: IRA ending 2054, $160,373.40; filed Sept. 8 | **Ex. D; ECF 326** | Second exempt account confirmed frozen |
| Sept. 8, 2026 | U.S. Bank asserts balance of $1,036,812.43 as of Sept. 7 | **ECF 327 at 2-3** | $21,082.95 above U.S. Bank's own formula |
| Sept. 8, 2026 | Plaintiff's Response to Doc. 7 filed | **Doc. 12** | Amendment promised and its scope described |
| Sept. 14, 2026 | First Amended Complaint filed as of right with Exhibits A through E | **-** | Within 21 days of Doc. 7 |

## ARGUMENT MAP

Each count is tied to the paragraphs that plead it and the documents that support it.

### Count One: the retirement accounts are exempt under Tex. Prop. Code § 42.0021

| Assertion | Paragraphs / Support |
|---|---|
| SEP-IRA 5627, Rollover IRA 6579, Roth IRA 8820, and Raymond James IRA 2054 are "qualified savings plans" | **paras. 31-32; Ex. C at 3-4; Ex. D; SC-4** |
| Texas law governs a Texas domiciliary' s exemptions; Missouri law exempts the same accounts; Rule 69(a)(1) supplies no contrary rule | **para. 33; Ex. C at 3 n.2; SC-5, SC-6** |
| Federal-creditor cases (28 U.S.C. § 3014; 18 U.S.C. § 3613) do not apply to a private creditor | **para. 34; SC-7** |
| In personam declaration; same exemptions asserted in Missouri; no risk of inconsistent adjudication | **para. 35; ECF 319** |
| Live controversy: writs with no exemption, three-month freeze, no release despite ECF 320 | **para. 36; Ex. A; Ex. C; ECF 320** |

### Count Two: Kimberly Qualizza's property is not the judgment debtor's

| Assertion | Paragraphs / Support |
|---|---|
| Writs reach only property "belonging to" the judgment debtor | **para. 39; Ex. A at 2; Ex. E at 2** |
| T. Rowe Price account is her premarital and separate property; Qualizza added to title in 2012 for estate planning only; no contributions in eighteen years | **paras. 20, 40; ECF 315-318 (both declarations); SC-9** |
| Joint account 3815: separate property or sole-management community property; character is a fact question no court has decided | **para. 41; Ex. C at 4; SC-9** |
| Her three Raymond James accounts are hers alone. | **paras. 19, 42** |
| Defendants knew (July 6 notice) and represented they would not execute on third-party property yet released nothing. | **paras. 21, 43; ECF 320** |

### Count Three: no domestication in Texas, state or federal

| Assertion | Paragraphs / Support |
|---|---|
| No Chapter 35 filing and no action on the judgment in Texas; Defendants concede it | **paras. 14, 46; Doc. 7 at 14; SC-10** |
| No 28 U.S.C. § 1963 registration in any Texas federal court | **para. 47; SC-11** |
| Plaintiffs' rights in Texas property are measured by Texas law; non-domestication alone is not claimed to invalidate the Missouri writs | **para. 48; Doc. 12 at 15** |

### Count Four: accounting and declaration of the balance due

| Assertion | Paragraphs / Support |
|---|---|
| Writ formula: $971,646.76 principal, $239.58 per diem, $990,813.49 as of May 26, 2026 | **para. 26; Ex. A at 5** |
| ECF 327 figure of $1,036,812.43 exceeds the formula by $21,082.95 | **paras. 27-28; ECF 327 at 2-3** |
| Allocation of the $13,299,435.43 payment, co-debtor and garnishee receipts, and the lender's ledger are in Defendants' exclusive possession | **paras. 29, 51-52** |
| No proceeding in Missouri will fix the balance; declaratory relief with accounting as § 2202 further relief | **para. 53; SC-8** |

**Count Five: injunctive relief against Defendants only**

| Assertion | Paragraphs / Support |
|---|---|
| Order runs to Defendants' conduct, not to any writ or order of the Missouri court | **para. 56; SC-12** |
| Irreparable harm: margin liquidation risk, irreversible taxable distributions, loss of use | **para. 57; Ex. C at 4 n.7** |
| Balance of hardships: Defendants say they will not take this property and lose nothing by being held to it | **para. 57; ECF 320** |
| Anti-Injunction Act inapplicable; relief may be tailored | **para. 58; SC-13** |

# EXHIBIT A

Summons to Garnishee and Writ of Garnishment directed to TD Ameritrade, Inc.
U.S. Bank N.A. v. Qualizza, No. 4:21-cv-00120-MTS (E.D. Mo.)
ECF Nos. 264-1 and 264-2 (May 26, 2026)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff/Judgment Creditor,<br><br>v.<br><br>MICHAEL QUALIZZA, NEIL D. FREEMAN, TIMOTHY DIXON,<br><br>Defendants/Judgment Debtors,<br><br>and<br><br>MICHAEL QUALIZA, NEIL D. FREEMAN, TIMOTHY DIXON, DFQ MANAGEMENT, LLC, and 1501 WASHINGTON ST. LOUIS, LLC,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>U.S. BANCORP COMMUNITY DEVELOPMENT CORPORATION, and U.S. BANK NATIONAL ASSOCIATION,<br><br>Counterclaim Defendants. | ) | Case No. 4:21-cv-00120-MTS<br>Returnable: **30 days** |

**SUMMONS TO GARNISHEE**

TO: TD Ameritrade, Inc.
c/o CT Corporation
5661 Telegraph Road
Suite 4B
St. Louis, Missouri 63129

NOTE: This garnishment is directed to any and all property belonging to and assets of Defendant and Judgment Debtor, Michael Qualizza, including but not limited to any and all depository accounts held in the name of or for the benefit of Michael Qualizza, any income or debts due to said Defendant and Judgment Debtor, and any other property of whatever type belonging to Defendant and Judgment Debtor

individually or jointly with any other person or entity, which is in your custody or control, and which is subject to garnishment.

I, the undersigned United States Marshal for the Eastern District of Missouri, DO DECLARE TO YOU that I do attach, levy upon and seize in your hands all debts owing by you to the above named Defendant and Judgment Debtor, Michael Qualizza, together with all personal property, money, rights, credits, bonds, bills, notes, drafts, checks and other choses in this action, and also all other personal property, as well of other kinds as of the kinds aforesaid, including all manner and kinds of property whatsoever liable to garnishment, of the said Judgment Debtor in your possession or charge or under your control, or now owing by you, and all that may come into your possession, charge or Control, or become owing by you, between this time and the time of filing your answer herein.

AND I FURTHER DECLARE TO YOU that I do attach, levy upon and seize in your hands all debts now due from you to the same Defendant and Judgment Debtor, Michael Qualizza, and also all that may become due hereafter and before said time of your answer, or so much thereof as shall be sufficient to satisfy the sum of $971.646.76, plus per diem interest from and after March 7, 2026 at the rate of $239.58 per day (calculated as $971,646.76 x 9% divided by 365 days) until the date the judgment is satisfied, plus costs.

Given under my hand at office in St. Louis, Missouri, this __________ day of ____________,

UNITED STATES MARSHAL
EASTERN DISTRICT OF MISSOURI

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff/Judgment Creditor,<br><br>v.<br><br>MICHAEL QUALIZZA, NEIL D. FREEMAN, TIMOTHY DIXON,<br><br>Defendants/Judgment Debtors,<br><br>and<br><br>MICHAEL QUALIZA, NEIL D. FREEMAN, TIMOTHY DIXON, DFQ MANAGEMENT, LLC, and 1501 WASHINGTON ST. LOUIS, LLC,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>U.S. BANCORP COMMUNITY DEVELOPMENT CORPORATION, and U.S. BANK NATIONAL ASSOCIATION,<br><br>Counterclaim Defendants. | ) | Case No. 4:21-cv-00120-MTS<br>Returnable: **30 days** |

**WRIT OF GARNISHMENT**

UNITED STATES OF AMERICA, Eastern District of Missouri

The President of the United States of America, To the Marshal of the United States in and for the Eastern District of Missouri,

GREETINGS:

WHEREAS, on the 15th day of October, 2025 at the District Court of the United States for the Eastern District of Missouri, Eastern Division, before our Judge thereof, Plaintiff, U.S. Bank

National Association, recovered against Defendant, Michael Qualizza, damages in the amount of $14,250,000.00 plus postjudgment interest to accrue at a rate of 9% per annum as of February 28, 2026. As of May 26, 2026, the judgment balance is $990,813.49 , which is the sum of $971,646.76, as and for the unpaid principal balance as of March 7, 2026, and $19,166.73, as and for the unpaid interest as of May 26, 2026. Pursuant to this Court's October 15, 2025 Judgment, interest continues to accrue at a rate of $239.58 per diem (calculated as $971,646.76 x 9% ÷ 365) until the Judgment is satisfied, in an action decided in said Court.

THERE ARE, THEREFORE, to command you, all goods, personal property, money, credits, bonds, bills, notes, checks, choses in action, or other effects and all debts owed to the above named Defendant and Judgment Debtor, Michael Qualizza, that are in your possession or charge, or under your possession or charge, or under your control from this time until the return date or a sufficient sum to satisfy the total amount of garnishment shown above Defendant and Judgment Debtor, you cause to be made the total unpaid balance of $990,813.49 as of May 26, 2026, plus interest at the rate of $239.58 per day until the date the judgment is satisfied, and that you have the same before the judge of our said court on June 25, 2026, to render to the same Plaintiff and Judgment Creditor U.S. Bank National Association and that you certify to our said Judge how you execute this writ.

You are further notified to file your answers to the interrogatories served within ten days after the above return date.

WITNESS, the Judge of the United States District Court for the Eastern District of Missouri, this _____th day of ___________, 202___ . Issued at office in the City of St. Louis, under the seal of said District Court, the day and year last mentioned.

CLERK, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI

By: ______________________________
Deputy Clerk

Case No. 4:21-cv-00120-MTS Marshal's Docket No.

| | |
|---|---|
| Judgment | $971,646.76 |
| Postjudgment interest through 5/26/2026 | $19,166.73 |
| Total as of 5/26/2026 | $990,813.49 |

# EXHIBIT B

Summons to Garnishee and Writ of Garnishment directed to Raymond James & Associates, Inc.
U.S. Bank N.A. v. Qualizza, No. 4:21-cv-00120-MTS (E.D. Mo.)
ECF Nos. 267-1 and 267-2 (May 26, 2026)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff/Judgment Creditor,<br><br>v.<br><br>MICHAEL QUALIZZA, NEIL D. FREEMAN, TIMOTHY DIXON,<br><br>Defendants/Judgment Debtors,<br><br>and<br><br>MICHAEL QUALIZA, NEIL D. FREEMAN, TIMOTHY DIXON, DFQ MANAGEMENT, LLC, and 1501 WASHINGTON ST. LOUIS, LLC,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>U.S. BANCORP COMMUNITY DEVELOPMENT CORPORATION, and U.S. BANK NATIONAL ASSOCIATION,<br><br>Counterclaim Defendants. | ) | Case No. 4:21-cv-00120-MTS<br>Returnable: **30 days** |

**<u>SUMMONS TO GARNISHEE</u>**

TO: Raymond James & Associates, Inc.
c/o CT Corporation
5661 Telegraph Road
Suite 4B
St. Louis, Missouri 63129

NOTE: This garnishment is directed to any and all property belonging to and assets of Defendant and Judgment Debtor, Michael Qualizza, including but not limited to any and all depository accounts held in the name of or for the benefit of Michael Qualizza, any income or debts due to said Defendant and Judgment Debtor, and any other property of whatever type belonging to Defendant and Judgment Debtor

individually or jointly with any other person or entity, which is in your custody or control, and which is subject to garnishment.

I, the undersigned United States Marshal for the Eastern District of Missouri, DO DECLARE TO YOU that I do attach, levy upon and seize in your hands all debts owing by you to the above named Defendant and Judgment Debtor, Michael Qualizza, together with all personal property, money, rights, credits, bonds, bills, notes, drafts, checks and other choses in this action, and also all other personal property, as well of other kinds as of the kinds aforesaid, including all manner and kinds of property whatsoever liable to garnishment, of the said Judgment Debtor in your possession or charge or under your control, or now owing by you, and all that may come into your possession, charge or Control, or become owing by you, between this time and the time of filing your answer herein.

AND I FURTHER DECLARE TO YOU that I do attach, levy upon and seize in your hands all debts now due from you to the same Defendant and Judgment Debtor, Michael Qualizza, and also all that may become due hereafter and before said time of your answer, or so much thereof as shall be sufficient to satisfy the sum of $971.646.76, plus per diem interest from and after March 7, 2026 at the rate of $239.58 per day (calculated as $971,646.76 x 9% divided by 365 days) until the date the judgment is satisfied, plus costs.

Given under my hand at office in St. Louis, Missouri, this __________ day of ____________,

UNITED STATES MARSHAL
EASTERN DISTRICT OF MISSOURI

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff/Judgment Creditor,<br><br>v.<br><br>MICHAEL QUALIZZA, NEIL D. FREEMAN, TIMOTHY DIXON,<br><br>Defendants/Judgment Debtors,<br><br>and<br><br>MICHAEL QUALIZA, NEIL D. FREEMAN, TIMOTHY DIXON, DFQ MANAGEMENT, LLC, and 1501 WASHINGTON ST. LOUIS, LLC,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>U.S. BANCORP COMMUNITY DEVELOPMENT CORPORATION, and U.S. BANK NATIONAL ASSOCIATION,<br><br>Counterclaim Defendants. | ) | Case No. 4:21-cv-00120-MTS<br>Returnable: **30 days** |

**WRIT OF GARNISHMENT**

UNITED STATES OF AMERICA, Eastern District of Missouri

The President of the United States of America, To the Marshal of the United States in and for the Eastern District of Missouri,

GREETINGS:

WHEREAS, on the 15th day of October, 2025 at the District Court of the United States for the Eastern District of Missouri, Eastern Division, before our Judge thereof, Plaintiff, U.S. Bank

Case 1:26-cv-02251-ABD-SH Document 14 Filed 09/14/26 Page 40 of 60

National Association, recovered against Defendant, Michael Qualizza, damages in the amount of $14,250,000.00 plus postjudgment interest to accrue at a rate of 9% per annum as of February 28, 2026. As of May 26, 2026, the judgment balance is $990,813.49 , which is the sum of $971,646.76, as and for the unpaid principal balance as of March 7, 2026, and $19,166.73, as and for the unpaid interest as of May 26, 2026. Pursuant to this Court's October 15, 2025 Judgment, interest continues to accrue at a rate of $239.58 per diem (calculated as $971,646.76 x 9% ÷ 365) until the Judgment is satisfied, in an action decided in said Court.

THERE ARE, THEREFORE, to command you, all goods, personal property, money, credits, bonds, bills, notes, checks, choses in action, or other effects and all debts owed to the above named Defendant and Judgment Debtor, Michael Qualizza, that are in your possession or charge, or under your possession or charge, or under your control from this time until the return date or a sufficient sum to satisfy the total amount of garnishment shown above Defendant and Judgment Debtor, you cause to be made the total unpaid balance of $990,813.49 as of May 26, 2026, plus interest at the rate of $239.58 per day until the date the judgment is satisfied, and that you have the same before the judge of our said court on June 25, 2026, to render to the same Plaintiff and Judgment Creditor U.S. Bank National Association and that you certify to our said Judge how you execute this writ.

You are further notified to file your answers to the interrogatories served within ten days after the above return date.

WITNESS, the Judge of the United States District Court for the Eastern District of Missouri, this _____th day of ___________, 202___ . Issued at office in the City of St. Louis, under the seal of said District Court, the day and year last mentioned.

CLERK, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI

By: ______________________________

Deputy Clerk

Case No. 4:21-cv-00120-MTS Marshal's Docket No.

| | |
|---|---|
| Judgment | $971,646.76 |
| Postjudgment interest through 5/26/2026 | $19,166.73 |
| Total as of 5/26/2026 | $990,813.49 |

# EXHIBIT C

Answers to Interrogatories by Garnishee
Charles Schwab & Co., Inc., as successor in interest to TD Ameritrade, Inc.
(Writ served on garnishee June 23, 2026)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Plaintiff/Judgment Creditor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL QUALIZZA, NEIL D.FREEMAN, TIMOTHY DIXON, | ) | |
| | ) | |
| Defendants/Judgment Debtors, | ) | Case No. 4:21-cv-00120-MTS |
| | ) | |
| and | ) | |
| | ) | |
| MICHAEL QUALIZA, NEIL D. FREEMAN, TIMOTHY DIXON, DFQ MANAGEMENT, LLC, and 1501 WASHINGTON ST. LOUIS, LLC, | ) | |
| | ) | |
| Counterclaim Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. BANCORP COMMUNITY DEVELOPMENT CORPORATION, and U.S. BANK NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |

**ANSWERS TO INTERROGATORIES BY GARNISHEE**

Charles Schwab & Co., Inc. (“Schwab”), as successor in interest to TD Ameritrade, Inc. (“Garnishee”), hereby submits the following Answers (“Answers”) in response to the

Writ of Garnishment (the "Writ") and Interrogatories Directed to Garnishee ("Interrogatories")[1] served by Plaintiff on Garnishee on June 23, 2026, as follows:

1. At the time of service of the garnishment, had you, or have you since that time had, or have you now in your possession, custody, or charge, any goods chattels, monies, credits or effects belonging to the Defendant and Judgment Debtor either individually or jointly with any other person or entity? If so, state what they were or are, their value, and identify each joint or co-owner, and attach copies of any documents reflecting the identity and/or ownership of any such goods, chattels, monies, credits or effects to your answer.

**ANSWER:** Based on a review Schwab's records, at the time of service of the Writ, at the time of this Answer and during the period in between such times, Schwab has identified 7 accounts[2] associated with the Defendant and Judgment Debtor Michael Qualizza:
(1) Schwab Account No. XXXX-7722,[3] which is an Individual Brokerage Account maintained in the name of Michael Qualizza;[4]
(2) Schwab Account No. XXXX-4858,[5] which is a Custodial Brokerage Account held for the benefit of a minor;
(3) Schwab Account No. XXXX-5627,[6] which is an Individual Retirement Simplified Employee Plan Brokerage Account maintained in the name of Michael

[1] As provided in the Interrogatories, "Defendant and Judgment Debtor" as used herein shall refer to Michael Qualizza.
[2] These accounts are affiliated with a Texas address. Schwab is uncertain whether or to what extent the fact that the account holder appears to reside in Texas and/or that these are Texas accounts impacts the Writ.
[3] This account was never a TD Ameritrade account. As the Summons was not issued to Schwab, this account is not subject to the Writ and has not been restricted.
[4] As of the date of the Writ, this account was closed.
[5] This account was formerly TD Ameritrade Account No. XXXXX-4152. As it is a custodial account held for the benefit of a non-debtor party, this account is not subject to the Writ and has not been restricted.
[6] This account was formerly TD Ameritrade Account No. XXXXX-9271.

S. Qualizza, containing $38,734.93 in cash and $945,511.18 in securities for a total account balance of $984,246.11;[7]
(4) Schwab Account No. XXXX-3815,[8] which is a Joint Tenant Brokerage Account maintained in the names of Michael S. Qualizza and Kimberly Hope Qualizza as joint tenants, containing $500.00 in cash and $0.00 in securities for a total account balance of $500.00;
(5) Schwab Account No. XXXX-6579,[9] which is Rollover Individual Retirement Account, maintained in the name of Michael S. Qualizza, containing $0.00 in cash and $0.00 in securities for a total account balance of $0.00;
(6) Schwab Account No. XXXX-6416,[10] which is an Individual Brokerage Account, maintained in the name of Michael S. Qualizza, containing $0.00 in cash and $0.00 in securities for a total account balance of $0.00; and
(7) Schwab Account No. XXXX-8820,[11] which is Roth Contributory Individual Retirement Account, maintained in the name of Michael S. Qualizza.

Schwab Account Nos. XXXX-5627, XXXX-3815, XXXX-6579 and XXXX-6416 have been restricted. Schwab does not have a record of any other account(s) maintained at Schwab in the name of the Defendant and Judgment Debtor Michael Qualizza.

---

[7] Please note: (1) Securities in the referenced account may include options, derivatives, margin, and/or term securities that could alter the account value and/or cash availability and are subject to daily market fluctuation and (2) Distributions from an Individual Retirement Account (IRA) may be subject to applicable tax withholding, resulting in the remittance of funds in an amount less than that stated. Please further note that Schwab Account No. XXXX-5627 has margin features and, as such, this account is subject to federal laws and regulations (including but not limited to "Reg T," *see* 12 C.F.R. 220 *et seq*. and FINRA Rule 4210) that govern the amount of credit that brokerage firms may extend to their customers. Additionally, margin balances are subject to market fluctuation and, accordingly, the amount owed may change subsequent to this response. Further, should the margin equity fall below the minimum required threshold, federal laws and regulations may require mandatory liquidation of positions and use of proceeds therefrom to pay off/down any margin loan. Finally, if a margin loan becomes associated with this account, Schwab's secured interest in each account is perfected and superior to any judgment lien related to this matter. Any margin loan balance would be owed to Schwab before any funds over and above the amount of such margin loan balance could be turned over. *See, e.g.*, RSMo. §§ 400.9-314, 400.9-106, and 400.9-328; 17 C.F.R § 240.15c3-3(b).
[8] This account was formerly TD Ameritrade Account No. XXXXX-9961.
[9] This account was formerly TD Ameritrade Account No. XXXXX-4603.
[10] This account was formerly TD Ameritrade Account No. XXXXX-4766.
[11] This account was never a TD Ameritrade account. As the Summons was not issued to Schwab, this account is not subject to the Writ and has not been restricted.

2. At the time of service of the garnishment, were you, or have you since become, or are you now in any way, indebted to the Defendant and Judgment Debtor? If your answer is "yes," state to what extent and in what manner the debt accrued, and if evidenced by any instrument in writing describe the same, state what has become of the same and under whose custody it is held, and attach a copy of this instrument to your answer.

**ANSWER:** Based on a review of Schwab's records, at the time of service of the Writ, at the time of this Answer and during the period in between such times, Garnishee was and remains indebted to the Defendant and Judgment Debtor Michael Qualizza by virtue of the fact that Schwab has identified 4 accounts held at Schwab as successor in interest to Garnishee associated with the Defendant and Judgment Debtor: (1) Schwab Account No. XXXX-5627, which is an Individual Retirement Simplified Employee Plan Brokerage Account maintained in the name of Michael S. Qualizza, containing $38,734.93 in cash and $945,511.18 in securities for a total account balance of $984,246.11, (2) Schwab Account No. XXXX-3815, which is a Joint Tenant Brokerage Account maintained in the names of Michael S. Qualizza and Kimberly Hope Qualizza as joint tenants, containing $500.00 in cash and $0.00 in securities for a total account balance of $500.00; (3) Schwab Account No. XXXX-6579, which is Rollover Individual Retirement Account, maintained in the name of Michael S. Qualizza, containing $0.00 in cash and $0.00 in securities for a total account balance of $0.00; and (4) XXXX-6416, which is an Individual Brokerage Account, maintained in the name of Michael S. Qualizza, containing $0.00 in cash and $0.00 in securities for a total account balance of $0.00.

3. At the time you were summoned as Garnishee, or since that time, have you become, or are you now bound under, any contracts to pay the Defendant and Judgment Debtor, directly or to any other party on account of Defendant and Judgment Debtor, any monies which are not yet due? If your answer is "yes," state the nature of said contract, the names of the contracting parties, the amount of money to become due thereunder, when the same was or is due and payable, exactly to whom the money is due, and attach a copy of said contract to your answer.

**ANSWER:** No

4. Have you paid to Defendant and Judgment Debtor, or to anyone acting as his agent or on his behalf, or to anyone on account of Defendant and Judgment Debtor, any money, property or effects since the time the garnishment summons herein was served on you? If your answer is "yes," state when the same was paid, the amount and nature of said payment and to whom it was paid, in what capacity the recipient received it and if paid under the terms of a contract, attach a copy of said contract.

**ANSWER:** No

**ATTESTATION OF GARNISHEE**

STATE OF COLORADO )
) ss.
CITY OF LONE TREE )

I, Ashley Martinez, Manager of Third Party Legal Process for Charles Schwab & Co., Inc., being first duly sworn and upon oath, states that the foregoing Answers to Interrogatories are true and correct to the best of my knowledge, information and belief.

Ashley Martinez

Subscribed and sworn to before me this

20th day of July, 2026.

[Notary Public]

My commission expires:

04/14/2027

FLOR MARITZA BUSCHBACH
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20134060395
MY COMMISSION EXPIRES APRIL 14, 2027

DB1/ 171230489.1

# EXHIBIT D

Garnishee's Answer, Raymond James & Associates, Inc.
U.S. Bank N.A. v. Qualizza, No. 4:21-cv-00120-MTS (E.D. Mo.), ECF No. 326
(sworn Sept. 3, 2026; filed Sept. 8, 2026)

RECEIVED
SEP 04 2026
BY MAIL

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

U.S. BANK NATIONAL ASSOCIATION,

Plaintiff/Judgment Creditor,

v.

MICHAEL QUALIZZA, NEIL D. FREEMAN, TIMOTHY DIXON,

Defendants/Judgment Debtors,

and

MICHAEL QUALIZA, NEIL D. FREEMAN, TIMOTHY DIXON, DFQ MANAGEMENT, LLC, and 1501 WASHINGTON ST. LOUIS, LLC,

Counterclaim Plaintiffs,

v.

U.S. BANCORP COMMUNITY DEVELOPMENT CORPORATION, and U.S. BANK NATIONAL ASSOCIATION,

Counterclaim Defendants.

Case No. 4:21-cv-00120-MTS
Returnable: **30 days**

## INTERROGATORIES DIRECTED TO GARNISHEE

TO: Raymond James & Associates, Inc.
c/o CT Corporation
5661 Telegraph Road
Suite 4B
St. Louis, Missouri 63129

Note: This garnishment is directed to any and all property belonging to and assets of Defendant and Judgment Debtor Michael Qualizza, 1220 Marly Way, Austin, Texas 78733, including but not limited to any and all depository accounts held in the name of or for the benefit of Michael Qualizza, any income or debts due to said Defendant and Judgment Debtor, and any other property of whatever type belonging to Defendant and Judgment Debtor individually or

jointly with any other person or entity, which is in your custody or control, and which is subject to garnishment.

INSTRUCTIONS: You are to answer interrogatories UNDER OATH within ten (10) days after the return date of the writ and mail the ORIGINAL to:

Clerk, United States District Court
111 South Tenth Street, Suite 3.300
St. Louis, Missouri 63102

and a COPY to the attorneys for the Judgment Creditor listed below:

Brian W. Hockett, 52984MO
Caleb S. Crahan, 76111MO
One U.S. Bank Plaza
St. Louis, MO 63101
P: 314 552 6000
bhockett@thompsoncoburn.com
ccrahan@thompsoncoburn.com

COMES NOW U.S. Bank National Association pursuant to Rule 69 of the Federal Rules of Civil Procedure and Rule 90.13 of the Missouri Supreme Court Rules, and exhibits the following interrogatories to be answered by the Garnishee, under oath, within ten (10) days of the returnable date.

For purposes of the interrogatories below, "Defendant and Judgment Debtor" shall refer to Michael Qualizza.

1. At the time of service of the garnishment, had you, or have you since that time had, or have you now in your possession, custody, or charge, any goods chattels, monies, credits or effects belonging to the Defendant and Judgment Debtor either individually or jointly with any other person or entity? If so, state what they were or are, their value, and identify each joint or co-owner, and attach copies of any documents reflecting the identity and/or ownership of any such goods, chattels, monies, credits or effects to your answer.

**ANSWER:** IRA account $160,373.40 as of September 3, 2026 for Michael Qualizza

Please be advised that there is no guarantee the amount indicated above will remain available in the account as values may fluctuate daily based on the market conditions. The stock market is volatile and values change daily. Additionally, funds remitted in response to a future garnishment order may fluctuate based on IRS withholding requirements for IRA accounts and related closing fees.

2. At the time of service of the garnishment, were you, or have you since become, or are you now in any way, indebted to the Defendant and Judgment Debtor? If your answer is "yes," state to what extent and in what manner the debt accrued, and if evidenced by any instrument in writing describe the same, state what has become of the same and under whose custody it is held, and attach a copy of this instrument to your answer.

**ANSWER:** See above answer.

3. At the time you were summoned as Garnishee, or since that time, have you become, or are you now bound under, any contracts to pay the Defendant and Judgment Debtor, directly or to any other party on account of Defendant and Judgment Debtor, any monies which are not yet due? If your answer is "yes," state the nature of said contract, the names of the contracting parties, the amount of money to become due thereunder, when the same was or is due and payable, exactly to whom the money is due, and attach a copy of said contract to your answer.

**ANSWER:** No

4. Have you paid to Defendant and Judgment Debtor, or to anyone acting as his agent or on his behalf, or to anyone on account of Defendant and Judgment Debtor, any money, property or effects since the time the garnishment summons herein was served on you? If your answer is "yes," state when the same was paid, the amount and nature of said payment and to whom it was paid, in what capacity the recipient received it and if paid under the terms of a contract, attach a copy of said contract.

**ANSWER:** No

Respectfully submitted,

By:*/s/ Brian W. Hockett*

**THOMPSON COBURN LLP**
Brian W. Hockett, 52984MO
Caleb S. Crahan, 76111MO
One U.S. Bank Plaza
St. Louis, MO 63101
P: 314 552 6000
bhockett@thompsoncoburn.com
ccrahan@thompsoncoburn.com

*Attorneys for Judgment Creditor U.S. Bank National Association and Counterclaim Defendant U.S. Bancorp Community Development Corporation*

## ATTESTATION TO BE COMPLETED BY GARNISHEE

STATE OF FLORIDA )
COUNTY OF PINELLAS ) SS.
)

Taylor Young, FL Registered Paralegal, being first duly sworn and upon oath, states that the foregoing answers to Interrogatories are true and correct to the best of his or her knowledge, information and belief.

By: Signed by: Taylor Young
37BC2B574192416...

Subscribed and sworn to before me this 3rd day of September, 2026.

Signed by: Cynthia A. Crane
B81716AD9E3A431...

Notary Public

CYNTHIA A. CRANE
NOTARY PUBLIC
STATE OF FLORIDA
Commission #HH 644476
My Commission Expires 6/22/2029
ONLINE NOTARY

My commission expires:

06/22/2029

## GARNISHEE'S CERTIFICATE OF SERVICE

A copy of the foregoing Answers of Garnishee to Interrogatories was served upon Brian W. Hockett, Attorney for Plaintiff and Judgment Creditor, U.S. Bank National Association, One U.S. Bank Plaza, St. Louis, MO 63101, by mailing the same this 3rd day of September, 2026.

Garnishee

Signed by: Taylor Young
37BC2B574192416...

# EXHIBIT E

Summons to Garnishee and Writ of Garnishment directed to T. Rowe Price Associates, Inc.
U.S. Bank N.A. v. Qualizza, No. 4:21-cv-00120-MTS (E.D. Mo.)
ECF Nos. 268-1 and 268-2 (May 26, 2026)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff/Judgment Creditor,<br><br>v.<br><br>MICHAEL QUALIZZA, NEIL D. FREEMAN, TIMOTHY DIXON,<br><br>Defendants/Judgment Debtors,<br><br>and<br><br>MICHAEL QUALIZA, NEIL D. FREEMAN, TIMOTHY DIXON, DFQ MANAGEMENT, LLC, and 1501 WASHINGTON ST. LOUIS, LLC,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>U.S. BANCORP COMMUNITY DEVELOPMENT CORPORATION, and U.S. BANK NATIONAL ASSOCIATION,<br><br>Counterclaim Defendants. | Case No. 4:21-cv-00120-MTS<br>Returnable: **30 days** |

**<u>SUMMONS TO GARNISHEE</u>**

TO: T. Rowe Price Associates, Inc.
c/o CSC-Lawyers Incorporating Service Company
221 Bolivar Street
Jefferson City, Missouri 65101

NOTE: This garnishment is directed to any and all property belonging to and assets of Defendant and Judgment Debtor, Michael Qualizza, including but not limited to any and all depository accounts held in the name of or for the benefit of Michael Qualizza, any income or debts due to said Defendant and Judgment Debtor, and any other property of whatever type belonging to Defendant and Judgment Debtor

individually or jointly with any other person or entity, which is in your custody or control, and which is subject to garnishment.

I, the undersigned United States Marshal for the Eastern District of Missouri, DO DECLARE TO YOU that I do attach, levy upon and seize in your hands all debts owing by you to the above named Defendant and Judgment Debtor, Michael Qualizza, together with all personal property, money, rights, credits, bonds, bills, notes, drafts, checks and other choses in this action, and also all other personal property, as well of other kinds as of the kinds aforesaid, including all manner and kinds of property whatsoever liable to garnishment, of the said Judgment Debtor in your possession or charge or under your control, or now owing by you, and all that may come into your possession, charge or Control, or become owing by you, between this time and the time of filing your answer herein.

AND I FURTHER DECLARE TO YOU that I do attach, levy upon and seize in your hands all debts now due from you to the same Defendant and Judgment Debtor, Michael Qualizza, and also all that may become due hereafter and before said time of your answer, or so much thereof as shall be sufficient to satisfy the sum of $971.646.76, plus per diem interest from and after March 7, 2026 at the rate of $239.58 per day (calculated as $971,646.76 x 9% divided by 365 days) until the date the judgment is satisfied, plus costs.

Given under my hand at office in St. Louis, Missouri, this __________ day of ____________,

UNITED STATES MARSHAL
EASTERN DISTRICT OF MISSOURI

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff/Judgment Creditor,<br><br>v.<br><br>MICHAEL QUALIZZA, NEIL D. FREEMAN, TIMOTHY DIXON,<br><br>Defendants/Judgment Debtors,<br><br>and<br><br>MICHAEL QUALIZA, NEIL D. FREEMAN, TIMOTHY DIXON, DFQ MANAGEMENT, LLC, and 1501 WASHINGTON ST. LOUIS, LLC,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>U.S. BANCORP COMMUNITY DEVELOPMENT CORPORATION, and U.S. BANK NATIONAL ASSOCIATION,<br><br>Counterclaim Defendants. | Case No. 4:21-cv-00120-MTS<br>Returnable: **30 days** |

**<u>WRIT OF GARNISHMENT</u>**

UNITED STATES OF AMERICA, Eastern District of Missouri

The President of the United States of America, To the Marshal of the United States in and for the Eastern District of Missouri,

GREETINGS:

WHEREAS, on the 15th day of October, 2025 at the District Court of the United States for the Eastern District of Missouri, Eastern Division, before our Judge thereof, Plaintiff, U.S. Bank

National Association, recovered against Defendant, Michael Qualizza, damages in the amount of $14,250,000.00 plus postjudgment interest to accrue at a rate of 9% per annum as of February 28, 2026. As of May 26, 2026, the judgment balance is $990,813.49 , which is the sum of $971,646.76, as and for the unpaid principal balance as of March 7, 2026, and $19,166.73, as and for the unpaid interest as of May 26, 2026. Pursuant to this Court's October 15, 2025 Judgment, interest continues to accrue at a rate of $239.58 per diem (calculated as $971,646.76 x 9% ÷ 365) until the Judgment is satisfied, in an action decided in said Court.

THERE ARE, THEREFORE, to command you, all goods, personal property, money, credits, bonds, bills, notes, checks, choses in action, or other effects and all debts owed to the above named Defendant and Judgment Debtor, Michael Qualizza, that are in your possession or charge, or under your possession or charge, or under your control from this time until the return date or a sufficient sum to satisfy the total amount of garnishment shown above Defendant and Judgment Debtor, you cause to be made the total unpaid balance of $990,813.49 as of May 26, 2026, plus interest at the rate of $239.58 per day until the date the judgment is satisfied, and that you have the same before the judge of our said court on June 25, 2026, to render to the same Plaintiff and Judgment Creditor U.S. Bank National Association and that you certify to our said Judge how you execute this writ.

You are further notified to file your answers to the interrogatories served within ten days after the above return date.

WITNESS, the Judge of the United States District Court for the Eastern District of Missouri, this _____th day of ___________, 202___ . Issued at office in the City of St. Louis, under the seal of said District Court, the day and year last mentioned.

CLERK, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI

By: ________________________________
Deputy Clerk

Case No. 4:21-cv-00120-MTS          Marshal's Docket No.

| | |
|---|---|
| Judgment | $971,646.76 |
| Postjudgment interest through 5/26/2026 | $19,166.73 |
| Total as of 5/26/2026 | $990,813.49 |