**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MICHAEL S. QUALIZZA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:26-cv-02251** |
| | § | |
| **U.S. BANK NATIONAL ASS'N and U.S. BANCORP COMMUNITY DEVELOPMENT CORPORATION,** | § § § | |
| | § | |
| **Defendants.** | § | |

**AMENDED RENEWED MOTION TO DISMISS UNDER RULE 12(b)(6), OR, IN THE ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a), AND BRIEF IN SUPPORT**

# TABLE OF CONTENTS

SUMMARY OF THE ARGUMENT ....................1
FACTUAL BACKGROUND ....................2
ARGUMENT ....................8
A. QUALIZZA'S TEXAS ACTION FAILS TO STATE A CLAIM, SO DISMISSAL IS WARRANTED UNDER FRCP 12(b)(6). ....................8
1. Qualizza Failed to State a Claim Because His First Amended Complaint Merely Repackages Requests for Declaratory, Accounting, and Injunctive Relief Without an Underlying Cause of Action. ....................9
2. *Res Judicata* Bars the First Amended Complaint. ....................11
3. Qualizza's Duplicative Texas Action Is Nothing More than an Improper Collateral Attack on the Consent Judgment Entered in the EDMO Case. ....................13
B. AT MINIMUM, THIS COURT SHOULD EXERCISE ITS DISCRETION AND TRANSFER THIS CASE TO THE EASTERN DISTRICT OF MISSOURI. ....................15
1. The Court Should Exercise Its Discretion and Transfer this Case Because Identical Issues Are Already Pending in the Eastern District of Missouri. ....................15
2. This Court Should Refuse to Hear Qualizza's Claims, Which Are Identical to Claims Pending in the Eastern District of Missouri. ....................19
REQUEST TO TAKE JUDICIAL NOTICE ....................20
CONCLUSION ....................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49 (2013) ..... 16

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..... 8

*City of Brownsville ex rel. Pub. Utilities Bd. v. AEP Tex. Cent. Co.*, 348 S.W.3d 348 (Tex. App.—Dallas 2011, pet. denied) ..... 9

*Dotson v. Atl. Specialty Ins. Co.*, 24 F.4th 999 (5th Cir. 2022) ..... 12

*Dukes v. Gautreaux*, No. CV 25-76-SDD-EWD, 2025 WL 3139800 (M.D. La. Sept. 30, 2025*), report and recommendation adopted*, No. CIVIL ACTION 25-76-SDD-EWD, 2025 WL 3130189 (M.D. La. Nov. 7, 2025) ..... 16

*Funk v. Stryker Corp.*, 631 F.3d 777 (5th Cir. 2011) ..... 20

*Garces v. Rossbach*, 2025 WL 2946413 ..... 14

*Hart v. Donostia LLC*, 290 F. Supp. 3d 627 (W.D. Tex. 2018) ..... 19

*Hillary v. Trans World Airlines, Inc.*, 123 F.3d 1041 (8th Cir. 1997) ..... 12

*Holt v. Deutsche Bank Nat'l Tr. Co.,* No. 4:16-CV-196-A*,* 2016 WL 1633254 (N.D. Tex. Apr. 20, 2016) ..... 9, 11

*Human. Cap., Inc. v. United States*, No. 4:25-cv-1022, 2025 WL 3654174 (E.D. Tex. Dec. 17, 2025) ..... 14

*In re Chamber of Com. of U.S. of Am.*, 105 F.4th 297 (5th Cir. 2024) ..... 18

*In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc) ..... 15, 18

*In re Wings*, 427 B.R. 511 (Bankr. E.D. Mo. 2010) (*Payne v. St. Louis Union Trust Co.,* 389 S.W.2d 832 (Mo. 1965) (citations omitted)) ..... 12

*Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671 (5th Cir. 2011) ..... 19

*Jackson v. Newrez LLC d/b/a Shellpoint Mortgage Servicing, et al.*, No. SA-24-CV-00103-OLG, 2025 WL 4954353 (W.D. Tex. Feb. 21, 2025) ..... 9, 11

*Jarvis Christian College v. Exxon Corporation*, 845 F.2d 523 (5th Cir. 1988) ..... 16

*Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919 (N.D. Tex. 2014) ..... 10

*Kara v. Waterfall Victoria Master Fund, Ltd.*, No. CV SA-16-CA-1265-FB, 2017 WL 10841214 (W.D. Tex. Sept. 25, 2017) ..... 9, 11

*Kesterson v. State Farm Fire & Cas. Co.*, 242 S.W.3d 712 (Mo. banc 2008) ........................ 12

*Koncak v. Deutsche Bank Nat'l Tr. Co.*, No. 3:19-CV-00071-B-BT, 2020 WL 5219558 (N.D. Tex. Aug. 17, 2020) ........................ 10

*Lauber-Clayton, LLC v. Novus Props. Co.*, 407 S.W.3d 612 (Mo. App. E.D. 2013) ........................ 12

*Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173 (5th Cir. 1984) ........................ 10, 11

*McCarrell v. Davis*, 2017 WL 11221248 (W.D. Tex. July 31, 2017) ........................ 14

*Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145 (5th Cir. 2010) ........................ 9

*Moore v. Lopez*, No. 2026 WL 2113990 (S.D. Tex. July 22, 2026) ........................ 13

*Nat'l Sur. Corp. v. Prairieland Constr., Inc.*, No. 4:03 CV 73 CDP, 2021 WL 5774223 (E.D. Mo. Nov. 5, 2021) ........................ 13

*Nickerson v. Dretke*, Civil Action No. H-05-2398, 2005 WL 1828569 (S.D. Tex. July 29, 2005) ........................ 14

*Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398 (5th Cir. 2009) ........................ 12

*Pie Dev., L.L.C. v. Pie Carrier Holdings, Inc.*, 128 F.4th 657 (5th Cir. 2025) ........................ 11

*Qualizza v. Freeman*, No. 2622-CC13433 ........................ 7, 17

*R2 Invs. LDC v. Phillips*, 401 F.3d 638 (5th Cir. 2005) ........................ 9

*Rothwell v. Anthony & Sylvan Corp*., No. 1:26-CV-01525, 2026 WL 2033145 (W.D. Tex. July 13, 2026) (Davis, J.) ........................ 15, 16

*S.M.R Innovations LTD v. Apple Inc.*, 756 F. Supp. 3d 453 (W.D. Tex. 2024) ........................ 18

*Satco Prods., Inc. v. Signify N. Am. Corp.*, No. 6:21-CV-00146-ADA, 2021 WL 4200619 (W.D. Tex. Sept. 14, 2021) (Albright, J.) ........................ 19

*State ex rel. Gen. Credit Acceptance Co., LLC v. Vincent*, 570 S.W.3d 42 (Mo. banc 2019) ........................ 12

*Taylor v. Charter Med. Corp.*, 162 F.3d 827 (5th Cir. 1998) ........................ 20

*Test Masters Educ. Services, Inc. v. Singh,* 428 F.3d 571 (5th Cir. 2005) ........................ 13

*U.S. Bank, National Association v. Qualizza et al*, Docket No. 4:21-cv-00120 (E.D. Mo. Jan 29, 2021) ........................ 20

*Van Der Linden v. Khan*, 535 S.W.3d 179 (Tex. App.—Fort Worth 2017, pet. denied) ........................ 9

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) ........................ 16

**Statutes and Constitutional Provisions**

28 U.S.C. § 1332 ........................................................................ 7

28 U.S.C. § 1404(a) ........................................................................ 1, 15, 18, 20

28 U.S.C. § 1441 ........................................................................ 7

28 U.S.C. § 1446 ........................................................................ 7

28 U.S.C. § 2201 ........................................................................ 10

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................ 1, 8, 11, 20

Fed. R. Civ. P. 69(a)(1) ........................................................................ 2, 18

Fed. R. Evid. 201 ........................................................................ 20

Fed. R. Evid. 201(b) ........................................................................ 20

Mo. Sup. Ct. R. 90.09 ........................................................................ 18

Mo. Sup. Ct. R. 90.09(b) ........................................................................ 6

Mo. Sup. Ct. R. 90.035 ........................................................................ 18

Plaintiff Michael S. Qualizza ("Qualizza" or "Judgment Debtor") owes Defendant U.S. Bank National Association ("USB" or "Judgment Creditor")[1] more than $1 million pursuant to a Consent Judgment that Qualizza executed in the Eastern District of Missouri. This lawsuit is Judgment Debtor's most recent attempt to frustrate collection of that judgment. The First Amended Complaint ("FAC") filed on September 14, 2026, added Kimberly Hope Qualizza as a co-plaintiff and repackages the same dispute in five counts; the relief sought substantially overlaps with relief Judgment Debtor sought in a motion recently rejected by the Honorable Matthew T. Schelp in the Eastern District of Missouri.[2] For these reasons, and as explained in greater detail below, USB and U.S. Bancorp Community Development Corporation ("USBCDC," together with USB, "Defendants") move to dismiss this action under Federal Rule of Civil Procedure 12(b)(6). In the alternative, Defendants move to transfer this lawsuit under 28 U.S.C. § 1404(a). In support of the Motions, Defendants state the following:

## SUMMARY OF THE ARGUMENT

Ample grounds exist for dismissal of Qualizza's Texas action, which is nothing more than a bad-faith effort to drive up Judgment Creditor's litigation costs and frustrate Judgment Creditor's efforts to collect on the $14,250,000 *Consent* Judgment that Qualizza voluntarily executed. The Court should dismiss this action because the FAC fails to state a claim upon which relief can be granted. Although the amended pleading labels its requests as five counts—(1) declaratory judgment concerning exempt retirement accounts; (2) declaratory judgment concerning non-debtor property; (3) declaratory judgment concerning non-domestication of the Consent Judgment; (4) equitable accounting concerning the Judgment balance; and (5) injunctive relief—none states an independent cause of action. Moreover, Counts One and Two

---

[1] U.S. Bank is the only Defendant that is a Judgment Creditor. Although not a Judgment Creditor, U.S. Bancorp Community Development Corporation is a counterclaim defendant in the Eastern District of Missouri action.

[2] Judge Schelp was appointed by President Donald J. Trump and assumed the bench on August 4, 2020, several months before the EDMO Case was filed. *See* [Schelp, Matthew Thomas | Federal Judicial Center].

assert exemption or property defenses that should be raised in the EDMO Case under Rule 69(a)(1); Count Three identifies no cognizable claim because Defendants removed this case to federal court and the Consent Judgment is being enforced through the EDMO proceedings; Count Four merely challenges the Judgment balance, which is squarely before the EDMO Court; and Count Five seeks only a remedy dependent on the other counts. Qualizza admitted in his response that the original Petition failed to state a claim and announced that he would amend to identify substantive rights and supporting facts. The FAC merely repackages the same requests for relief as "counts." The pleading is also barred by *res judicata* and constitutes an improper collateral attack on the Consent Judgment.

Even if the Court is not inclined to dismiss the case for failure to state a claim, it should transfer this case to the Eastern District of Missouri because the five counts in the FAC substantially overlap with relief Qualizza is already seeking in *the EDMO Case, which has been pending for more than five years. Qualizza also filed a separate 19-count*, 140-page lawsuit in Missouri state court on September 8, 2026, arising from the same hotel transaction and Consent Judgment. The substantial overlap among the proceedings, Qualizza's own description of Missouri as "the center of the transactions and conduct alleged," and the EDMO Court's September 24, 2026 in-person hearing on Qualizza's motion for injunctive relief all support transfer or, alternatively, abatement until the EDMO Case is resolved.

## FACTUAL BACKGROUND

On January 29, 2021, Judgment Creditor filed a complaint against Judgment Debtor and his business partners, Neil D. Freeman and Timothy J. Dixon (the "EDMO Defendants"), in the Eastern District of Missouri. *See* EDMO Case ECF No. 1.[3] Judgment Creditor's

[3] True and correct copies of the recent filings from that case discussed in this motion are attached as exhibits. *See* Declaration of A. Pennetti, attached as Exhibit 1, accompanied by papers filed in the EDMO Case, which are attached as Exhibits A-G to the declaration.

complaint in that case included a single count against the EDMO Defendants for breach of a guaranty agreement. *Id.*

Specifically, the EDMO Case arose from a Construction Loan Agreement dated December 29, 2017 (the "Loan Agreement") by and between 1501 Washington St. Louis, LLC, a Delaware limited liability company ("1501 Washington") and Judgment Creditor. *Id.* at Ex. A. Pursuant to the Loan Agreement, Judgment Creditor made a loan to 1501 Washington in the original principal amount of up to $12,300,000 (the "Loan"). *Id*. Concurrent with the Loan Agreement, 1501 Washington executed and delivered to Judgment Creditor a Promissory Note (the "Promissory Note") payable to Judgment Creditor in the original principal amount of up to $12,300,000. *Id.* at Ex. B.

In order to induce Judgment Creditor to enter into the Loan Agreement and Promissory Note, Judgment Debtor, Freeman, and Dixon each executed for the benefit of Judgment Creditor a Payment Guaranty Agreement dated December 29, 2017 (the "Guaranty"). *Id.* at Ex. C. Pursuant to the Guaranty Agreement, Judgment Debtor absolutely, unconditionally, and irrevocably guaranteed 1501 Washington's full and timely payment and performance under the Loan Agreement and Promissory Note. *Id.*

1501 Washington's obligations under the Loan Agreement and Promissory Note matured on December 29, 2020. *Id.* at Exs. A & B. 1501 Washington failed to repay the Loan on or before its maturity date, so on January 29, 2021, Judgment Creditor filed the EDMO Case against the EDMO Defendants. *See* EDMO Case ECF No. 1. At that time, the amount outstanding on the Loan, excluding costs of collection, was $12,140,368.93. *Id.* ¶ 15.

On May 11, 2021, the EDMO Defendants and counterclaimants 1501 Washington and DFQ Management LLC (collectively, the "EDMO Counterclaimants") filed counterclaims against Judgment Creditor and USBCDC. *See* EDMO Case ECF No. 12.

On October 15, 2025, all parties to the EDMO Case entered into a Judgment by Consent with Stay of Execution (the "Consent Judgment"). EDMO Case ECF No. 257. Under the Consent Judgment the EDMO Counterclaimants dismissed, with prejudice, each of their counterclaims against Judgment Creditor and USBCDC. *Id.*

Importantly, under the Consent Judgment, the Court entered judgment against Judgment Debtor and the other EDMO Defendants *jointly and severally* in the sum of $14,250,000 (the "Judgment Amount"). *Id.* The Consent Judgment includes a "Stay Termination Date" of February 28, 2026. *Id.* At that time, the stay of execution agreed to in the Consent Judgment terminated, and the unpaid portion of the Judgment Amount started accruing interest at a rate of nine percent per annum. *Id.* Also, upon the Stay Termination Date, USB became free to enforce the Consent Judgment "against any or all of the Defendants by any means available under governing law." *Id.* The Consent Judgment makes no reference to, nor is the extent of Judgment Debtor's personal liability connected to, the sale of a hotel owned and operated by 1501 Washington (the "Hotel"). *See id.*

Nevertheless, the majority of the Judgment Amount was satisfied through the sale of the Hotel. Indeed, on or about March 5, 2026, the Hotel was sold to third party buyers for $14,000,000. *See* EDMO Case ECF No. 318-10 (closing statement executed by Judgment Debtor). The sale of the Hotel resulted in a payment of $13,299,435.43 towards the satisfaction of the Judgment Amount (the "Recovery Amount"). *See id.*

On April 29, 2026, Judgment Creditor filed a Partial Satisfaction of Judgment in the EDMO Case (the "Partial Satisfaction"). EDMO Case ECF No. 250. The Partial Satisfaction shows that after application of the Recovery Amount, $971,646.76 of the Judgment Amount remained unsatisfied, and interest was accruing thereon at a rate of 9% per annum. *Id.* No party objected to the Partial Satisfaction.

On May 29, 2026, the Eastern District of Missouri granted Judgment Creditor's applications for writs of garnishment directed to Judgment Debtor's financial institutions. *See* EDMO Case ECF Nos. 281–284. Between June 17 and 23, 2026, Judgment Creditor had those writs of garnishment served on Judgment Debtor's financial institutions resulting in the garnishment freeze of some, if not all, of those accounts. *See* EDMO Case ECF Nos. 288, 290, 293, & 294.

On June 18, 2026, Judgment Debtor filed a motion to quash Judgment Creditor's writs of garnishment (the "Motion to Quash"). EDMO Case ECF No. 286. And on July 9, 2026, Judgment Debtor filed an Application for Temporary Restraining Order and Injunctive Relief to Protect Exempt Property (the "First TRO Application"). EDMO Case ECF No. 308.[4]

The First TRO Application argued that injunctive relief was necessary to prevent Judgment Creditor's execution upon exempt property or property belonging to his wife, Kimberly Qualizza. *See id.* And by referencing an unexecuted amendment to the parties' settlement agreement, along with disputes between Judgment Debtor and the other EDMO Defendants—*i.e.*, not involving Judgment Creditor—Judgment Debtor sought to challenge the extent of his *joint and several* liability under the Consent Judgment. *See id.*

On July 29, 2026, Judge Schelp in the Eastern District of Missouri denied the Motion to Quash and the First TRO Application for failure to comply with the Eastern District of Missouri's requirements. *See* EDMO Case ECF No. 313.

On August 4, 2026, Judgment Debtor filed a second Application for Temporary Restraining Order and Injunctive Relief to Protect Exempt Property (the "Second TRO Application"). *See* EDMO Case ECF Nos. 315–318. The Second TRO Application sought to

[4] The First TRO Application appears on the EDMO Case docket as of July 22, 2026. However, Judgment Debtor filed the First TRO Application by emailing it to the Clerk and the undersigned on July 9, 2026.

enjoin Judgment Creditor's garnishment proceedings against him and advanced the same arguments as its predecessor. In general, Judgment Debtor made the following three arguments:

First, Judgment Debtor asserted, without support, that Judgment Creditor would execute upon exempt property or property belonging to third parties. EDMO Case ECF No. 316 ¶ 14–15. While Judgment Debtor has since filed a claim of exemption (EDMO Case ECF No. 319), Mrs. Qualizza has not intervened, pursuant to MO. SUP. CT. R. 90.09(b), to assert her interest in any of the accounts subject to garnishment.

Second, citing an unsigned amendment to the parties' settlement agreement, Judgment Debtor attempted to question the balance of the unsatisfied portion of the Judgment Amount. EDMO Case ECF No. 316 ¶ 16. That amendment to the settlement agreement was not signed by Judgment Debtor *nor was it signed by Judgment Creditor*. It is irrelevant.

Third, citing disagreements with the other EDMO Defendants, Judgment Debtor attempted to question the circumstances surrounding, and the propriety of, the sale of the Hotel. *Id.* ¶ 17. But the sale of the hotel did not involve Judgment Creditor, nor did it change the *joint and several* nature of Judgment Debtor's liability under the Consent Judgment. Whether the Hotel was sold or not, Judgment Debtor was, and is, responsible for payment of the entire Judgment Amount.

On July 23, 2026, Qualizza served Defendants with an original pleading in a separate lawsuit in Travis County, Texas (Cause No. D-1-GN-26-005626). That action, like the Second TRO Application, sought to enjoin USB's garnishment efforts. On July 31, 2026, while his counsel was still entered on the case, Qualizza filed *a pro* se Entry of Appearance in the EDMO Case (ECF No. 314).

On August 17, 2026, Defendants removed this action from the 353rd District Court of Travis County, Texas, to the Western District of Texas, Austin Division, on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.[5]

As of September 28, 2026, the outstanding balance on the Consent Judgment was $1,020,761.51, with interest continuing to accrue at $239.58 per day. The FAC disputes the amount Qualizza owes, but the accounting dispute is an enforcement matter pending in the EDMO Case.

Although Qualizza's Second TRO Application purported to file a Verified Claim of Exemption, Qualizza did not actually submit an executed Verified Claim of Exemption until August 11, 2026. See EDMO Case ECF No. 319.

<u>Judgment Debtor advances the same arguments here</u>. Like he has continued to argue in the EDMO Case, the FAC asserts that Defendants' garnishment process reaches exempt retirement accounts and property belonging to third parties, and it seeks to enjoin enforcement against that property. ECF No. 14, ¶¶ 22, 37, 44, 56–58. Nevertheless, Judgment Debtor has repeatedly invoked and continues to have mechanisms available in the EDMO Case to protect allegedly exempt property.

Like the EDMO Case, the FAC also challenges how much of the Judgment Amount remains outstanding. ECF No. 14, ¶¶ 27–29, 51–54. Those arguments concern the same balance and enforcement issues already before the EDMO Court: U.S. Bank's allocation of the payment, any amounts received from co-judgment debtors or garnishees, and the effect of the joint-and-several Consent Judgment. They do not create a new cause of action in Texas.

On September 8, 2026, Qualizza filed a separate 19-count, 140-page lawsuit in the Circuit Court for the City of St. Louis against Defendants and nine others. *See Qualizza v. Freeman*, No. 2622-CC13433. That lawsuit arises from the same hotel transaction and Consent

---

[5] Citations to the First Amended Complaint are styled as "ECF No. 14, ¶ XX."

Judgment and acknowledges that Missouri is "the center of the transactions and conduct alleged," confirming that Qualizza is litigating the same dispute in multiple fora.

On September 14, 2026, Qualizza filed the FAC at ECF No. 14, adding Kimberly Hope Qualizza as a co-plaintiff and recasting the same dispute as five counts: exemption of retirement accounts, non-debtor property, non-domestication, equitable accounting, and injunctive relief. The amended pleading does not change the underlying dispute over enforcement of the Consent Judgment.

The EDMO Court held an in-person hearing on September 24, 2026 to address, among other things, Qualizza's motion for injunctive relief in the EDMO Case. At that hearing, after Judge Schelp explained why the motion was both procedurally and substantively improper, the Court presented Qualizza with the option to either: (a) withdraw his request for injunctive relief; or (b) have that motion denied. Qualizza chose to withdraw his motion. As a result of the withdrawal, Court presiding over the EDMO Case entered an order denying Qualizza's motion for injunctive relief. *See* EDMO Case ECF No. 338. The September 24, 2026 hearing and the Court's order further confirm that the EDMO Court is the appropriate forum for the parties' continuing dispute.

This lawsuit is just the latest chapter in what has been a nearly six-year struggle to secure Judgment Debtor's satisfaction of obligations that he agreed to. That struggle has taken place before Judge Schelp in the Eastern District of Missouri, who is familiar with the parties, issues, facts, and disposition of the EDMO Case. As the EDMO Court already did so at the September 24, 2026 hearing, it is best positioned to address the enforcement issues and request for injunctive relief raised in the FAC.

## ARGUMENT

### A. QUALIZZA'S TEXAS ACTION FAILS TO STATE A CLAIM, SO DISMISSAL IS WARRANTED UNDER FRCP 12(b)(6).

The court must dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although well-pleaded facts will be accepted as true, the court "will not strain to find inferences favorable to the plaintiff[]" and "will not accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (internal quotation omitted). The court may dismiss a claim where the facts alleged do not support a cognizable legal theory or the allegations affirmatively negate the claim. *See R2 Invs. LDC*, 401 F.3d at 642.

#### 1. Qualizza Failed to State a Claim Because His First Amended Complaint Merely Repackages His Prior Requests for Declaratory and Injunctive Relief Without any Underlying Cause of Action.

A declaratory judgment action is not itself a cause of action, but a mechanism to litigate an underlying claim or cause of action. *See City of Brownsville ex rel. Pub. Utilities Bd. v. AEP Tex. Cent. Co.*, 348 S.W.3d 348, 357 (Tex. App.—Dallas 2011, pet. denied) ("A declaratory judgment declares the rights and duties or the status of parties . . . . It is not an independent cause of action."); *Holt v. Deutsche Bank Nat'l Tr. Co.,* No. 4:16-CV-196-A, 2016 WL 1633254, at *2 (N.D. Tex. Apr. 20, 2016) (dismissing requests for declaratory and injunctive relief where no underlying claim remained); *see also Jackson v. Newrez LLC d/b/a Shellpoint Mortgage Servicing, et al.*, No. SA-24-CV-00103-OLG, 2025 WL 4954353, at *4 (W.D. Tex. Feb. 21, 2025); *Kara v. Waterfall Victoria Master Fund, Ltd.*, No. CV SA-16-CA-1265-FB, 2017 WL 10841214, at *4 (W.D. Tex. Sept. 25, 2017) (an injunction is a remedy, not a

standalone cause of action); *Van Der Linden v. Khan*, 535 S.W.3d 179, 203 (Tex. App.—Fort Worth 2017, pet. denied) (same).

Further, and contrary to Qualizza's suggestion, "[t]he Declaratory Judgment Act is a procedural device that creates no substantive rights." *Koncak v. Deutsche Bank Nat'l Tr. Co.*, No. 3:19-CV-00071-B-BT, 2020 WL 5219558, at *5 (N.D. Tex. Aug. 17, 2020), *report and recommendation adopted*, No. 3:19-CV-00071-B-BT, 2020 WL 5215128 (N.D. Tex. Sept. 1, 2020);[6] *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984) ("The federal Declaratory Judgment Act, 28 U.S.C. § 2201, is procedural only, not substantive . . ."). An equitable accounting likewise cannot supply the missing substantive right where the requested accounting merely seeks to determine the balance of an existing judgment. *Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 935 (N.D. Tex. 2014) ("An accounting also is an equitable remedy that is not an independent cause of action.") (citing *Henry v. CitiMortgage, Inc.,* No. 4:11–cv–83, 2011 WL 2261166, at *8 (E.D. Tex. May 10, 2011)).

Here, FAC merely repackages the same requests Qualizza asserted in his original petition. Put differently, although Qualizza has beefed up his requests for relief, he still has not asserted an independent cause of action anywhere in the FAC. For example, Count One seeks a declaratory judgment that certain accounts held by Qualizza are exempt from enforcement. In addition to the fact that this request for declaratory relief is not a cause of action, the FAC concedes that Qualizza is already asserting the same request in the EDMO Case. ECF No. 14, ¶ 35; *see also* EDMO Case ECF No. 319.

Count Two similarly asserts another request for declaratory judgment concerning property allegedly owned by Kimberly Qualizza, a non-debtor. This request for relief is also at issue in the EDMO Case and must be adjudicated there.

---

[6] *Koncak* also acknowledges that "[r]emoval from state to federal court, in effect, converts a state court declaratory judgment action into one under the [Declaratory Judgment Act]." *Id.* (quoting *Green v. JPMorgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 864 n.12 (N.D. Tex. 2013)).

Count Three asks this Court to declare that "the Consent Judgment has not been domesticated in Texas; that Defendants hold no Texas judgment and no lien under Texas law on any property of Plaintiffs located in Texas; and that any effort by Defendants to reach Plaintiffs' property located in Texas is subject to the exemptions and protections of Texas law. Aside from the fact that Count Three does not assert an independent cause of action, there is no dispute that the Consent Judgment has not been enforced in Texas. There is no dispute that the statutory protections of Texas law would apply to Plaintiffs' property if Defendants seek to enforce the Consent Judgment in Texas. In other words, even if a declaratory judgment were an independent cause of action, there is no controversy over the allegations in Count Three.

Count Four is framed as a request for "equitable accounting" and declaratory judgment which asks this Court to determine the outstanding balance remaining on the Consent Judgment. Not only does the new framing of Count Four still fail to present a claim, but also this issue, too, is squarely before the EDMO.

Count Five seeks injunctive relief, which is a remedy dependent on the other counts, not a standalone claim. The original Petition sought only four forms of declaratory or injunctive relief and asserted no causes of action. In his response, Qualizza admitted that the original Petition failed to state a claim by announcing that he would amend to identify the substantive rights and supporting facts. ECF No. 12 ¶ 19.

The FAC labels all Qualizza's requests for relief as "counts"; however, labels do not cure a substantive pleading defect. The FAC must be dismissed because Qualizza has, again, failed to state claims upon which relief may be granted. *Lowe*, 723 F.2d at 1179; *Jackson*, 2025 WL 4954353, at *4; *Kara*, 2017 WL 10841214, at *3; *Holt*, 2016 WL 1633254, at *2.

### 2. *Res Judicata* Bars the First Amended Complaint.

Res judicata may be resolved at the Rule 12(b)(6) stage where the relevant facts are before the Court and are not disputed. *Pie Dev., L.L.C. v. Pie Carrier Holdings, Inc.*, 128 F.4th

657, 661–62 (5th Cir. 2025). "Res judicata prevents a later suit, such as this one, from collaterally attacking a prior judgment by a court of competent jurisdiction." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009). To determine the law governing the preclusive effect *of* a prior judgment, federal courts look to the law of the court that entered it. *Dotson v. Atl. Specialty Ins. Co.*, 24 F.4th 999, 1002 (5th Cir. 2022). Because the Consent Judgment was entered in Missouri in a diversity action, Missouri law controls. *Hillary v. Trans World Airlines*, *Inc.*, 123 F.3d 1041, 1043 (8th Cir. 1997). In Missouri, consent judgments are conclusive final judgments not subject to collateral attack. *In re Wings*, 427 B.R. 511, 515 (Bankr. E.D. Mo. 2010) (citation omitted).

Missouri res judicata precludes claims that should have been brought in the first suit. *Kesterson v. State Farm Fire & Cas. Co.*, 242 S.W.3d 712, 715 (Mo. banc 2008). The usual analysis considers identity of the thing sued for, cause of action, parties, and the quality or status of the persons against whom the claim is made. *Lauber-Clayton, LLC v. Novus Props. Co.*, 407 S.W.3d 612, 618 (Mo. App. E.D. 2013). When a subsequent action is a collateral attack, identity analysis is unnecessary; a lawsuit that is a "subterfuge or facade for litigating an issue to which a former final judgment is conclusive" is not permitted. *State ex rel. Gen. Credit Acceptance Co., LLC v. Vincent*, 570 S.W.3d 42, 48 & n.3 (Mo. banc 2019). Although the FAC adds Kimberly Qualizza as a co-plaintiff, that addition does not change that the relief Qualizza seeks (which is being litigated in the EDMO Case) is barred here.

The face of the FAC makes clear that the requests for relief, in their amended form, arise from the same transaction and Consent Judgment underlying the EDMO Case. The FAC acknowledges the $14,250,000 Consent Judgment, the $13,299,435.43 payment from the Hotel sale, and U.S. Bank's representation that over $1 million remained due as of September 7, 2026. ECF No. 14, ¶¶ 10–14, 26–29. It then asks this Court to declare property exempt, limit enforcement, and determine the amount remaining due. Those requests arise from the same

nucleus of operative facts as the EDMO enforcement proceedings. Qualizza cannot obtain the requested accounting or restrictions on enforcement without asking this Court to determine the effect of the Consent Judgment and the proceedings implementing it. Under *Test Masters*, "[i]f a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred." 428 F.3d at 571. The substance of the FAC demonstrates that this suit should be barred.

**3. Qualizza's Duplicative Texas Action Is Nothing More than an Improper Collateral Attack on the Consent Judgment Entered in the EDMO Case.**

"A party who is unhappy (whether justifiably or not) with a ruling of a court cannot just file a separate lawsuit in a different court and seek to get that second judge to overturn the prior judge's order." *Moore v. Lopez*, No. 2026 WL 2113990, at *6 (S.D. Tex. July 22, 2026). The Eastern District of Missouri has likewise rejected efforts to collaterally attack a consent judgment through enforcement proceedings. In *Nat'l Sur. Corp. v. Prairieland Constr., Inc.*, No. 4:03 CV 73 CDP, 2021 WL 5774223, at *2 (E.D. Mo. Nov. 5, 2021), the court held that a consent judgment entered by a court with jurisdiction was not void on the face of the record and could not be collaterally attacked by a motion to quash execution. The court further found "nothing to render the Consent Judgment itself invalid or non-binding" *and* held that the debtors had not established good cause to quash the writ. The same principle forecloses Qualizza's attempt to use a separate Texas action to obtain declarations and an injunction that would limit enforcement of the Consent Judgment.

Here, the FAC asks this Court to declare that specified retirement and non-debtor property cannot be reached and to enjoin Defendants from seeking or accepting turnover, payment, or liquidation of that property. ECF No. 14, ¶¶ 37, 44, 56–58. Although the FAC says it does not ask this Court to enjoin the EDMO Court's orders, the requested declarations and injunction would necessarily limit the effect of the Missouri writs and the enforcement process

authorized there. Qualizza is concurrently pursuing the same exemption, third party-property, and balance disputes in the EDMO Case. At its core, this action remains an attempt to obtain a different result from the court that entered the Consent Judgment and is overseeing its enforcement. *Nickerson v. Dretke*, Civil Action No. H-05-2398, 2005 WL 1828569 (S.D. Tex. July 29, 2005) (citing *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1392-93 (9th Cir. 1987)).

Qualizza also is not permitted to use this separate action as a do-over after his first and second requests for injunctive relief in the EDMO Case failed. But Count Five's request for injunctive relief does exactly that: it asks this Court to restrain Defendants' recovery efforts. Even if the requested injunction is framed as operating only against Defendants, it would improperly interfere with or second-guess proceedings before the court that entered the Consent Judgment. The proper remedy for dissatisfaction with an EDMO ruling is appellate review, not a new lawsuit. *McCarrell v. Davis*, 2017 WL 11221248, at *2 (W.D. Tex. July 31, 2017); *Human. Cap., Inc. v. United States*, No. 4:25-cv-1022, 2025 WL 3654174, at * 2 (E.D. Tex. Dec. 17, 2025). The FAC therefore remains an improper collateral attack and should be dismissed.

Dismissal with prejudice is appropriate because Qualizza has now pleaded his best case. Although pro se litigants receive more lenient treatment, they have "no license to harass others, clog the judicial machinery with meritless litigation, or abuse already overloaded court dockets." *Garces v. Rossbach*, 2025 WL 2946413, at *2. Qualizza expressly promised that an amendment would identify substantive rights and supporting facts, yet the FAC still labels remedies and enforcement defenses as causes of action. After years of litigation, the Consent Judgment, the pending EDMO enforcement proceedings, and the New Missouri Lawsuit, further leave to amend would be futile and would prolong duplicative litigation. The action should be dismissed with prejudice.

### B. AT MINIMUM, THIS COURT SHOULD EXERCISE ITS DISCRETION AND TRANSFER THIS CASE TO THE EASTERN DISTRICT OF MISSOURI.

Even if the Court is not inclined to dismiss the FAC, it should exercise its discretion to transfer this case to the Eastern District of Missouri because the FAC's five counts substantially overlap with the exemption, property, balance, and enforcement issues already pending or addressed in the EDMO Case. Qualizza's September 8, 2026 New Missouri Lawsuit arises from the same hotel transaction and Consent Judgment and expressly identifies Missouri as "the center of the transactions and conduct alleged." The EDMO Court held an in-person conference on September 24, 2026 to address the enforcement matters at issue. At that hearing, Qualizza chose to withdraw his request for relief after the Court, on the record, explained to him why his request for injunctive relief was improper.[7] Because the EDMO Case has been pending for more than five years, the substantial overlap and first-to-file rule support transfer or, alternatively, abatement until the EDMO Case is resolved.

#### 1. The Court Should Exercise Its Discretion and Transfer this Case Because Identical Issues Are Already Pending or have been Addressed in the Eastern District of Missouri.

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where it might have been brought for the convenience of parties and witnesses and in the interest of justice. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). Section 1404(a) of Title 28 of the U.S. Code states that "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a); *Rothwell v. Anthony & Sylvan Corp.*, No. 1:26-CV-01525, 2026 WL 2033145, at *2 (W.D. Tex. July 13, 2026) (Davis, J.) (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60–61

---

[7] Discussed above, the Court presiding over the EDMO Case gave Qualizza the option to withdraw the request for relief or have it denied. *Supra*, at 8.

(2013) ("[Section] 1404(a) and the forum non conveniens doctrine from which it derives entail the same balancing-of-interests standard[.]").

Section 1404's purpose "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co v. The FBL-585*, 364 U.S. 19, 26, 27 (1960)). The decision to transfer a pending case is committed to the sound discretion of the district court. *Jarvis Christian College v. Exxon Corporation*, 845 F.2d 523, 528 (5th Cir. 1988)." The necessary showing of inconvenience for transfer is 'less[ened]' under 1404(a) compared to the showing necessary for dismissal under forum non conveniens. *Rothwell*, 2026 WL 2033145, at *2 (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). In fact, movants must *only* show "good cause" by demonstrating that their chosen venue is clearly more convenient. *Id.* (citing *In re Chamber of Com. of U.S. of Am.*, 105 F.4th 297, 303–04 (5th Cir. 2024)); *see Dukes v. Gautreaux*, No. CV 25-76-SDD-EWD, 2025 WL 3139800 (M.D. La. Sept. 30, 2025*), report and recommendation adopted*, No. CIVIL ACTION 25-76-SDD-EWD, 2025 WL 3130189 (M.D. La. Nov. 7, 2025).

There is no question that the relief Qualizza seeks in the FAC is already being sought, or has already been addressed, in the Eastern District of Missouri. The Second TRO Application seeks to stay garnishment proceedings and prohibit turnover, liquidation, transfer, disbursement, or offset of funds. EDMO Case ECF No. 315, at PageID 11489–90. The FAC seeks declarations that retirement accounts and non-debtor property cannot be reached and an injunction against turnover or liquidation. ECF No. 14, ¶¶ 37, 44, 56–58. In both proceedings, Qualizza relies on alleged exemptions and Kimberly Qualizza's interest in property; in both, he disputes the remaining Judgment balance. The FAC's accounting allegations track the same balance dispute already presented in the EDMO Case. Ultimately, the claims in the EDMO Case and this action remain an effort to avoid or limit enforcement of the Consent Judgment

that Qualizza voluntarily executed. Moreover, Qualizza continues to acknowledge that all these issues should be adjudicated in Missouri. On September 8, 2026, Qualizza filed suit in the Circuit Court for the City of St. Louis. *See* ECF No. 12 at Ex. A (*Qualizza v. Freeman, et al.*, No. 2622-CC13433, Cir. Ct. City of St. Louis) (the "New Missouri Lawsuit"). The New Missouri Lawsuit contains 1,490 paragraphs and nineteen counts. ECF No. 12 at Ex. A. It also concedes Qualizza has and is challenging "the amount enforceable in the federal action." *Id.* at ¶ 1060. And Qualizza's New Missouri Lawsuit alleges that *Missouri* is "the center of the transactions and conduct alleged." ECF No. 12 at Ex. A ¶ 18.

**a. The Private-Interest factors strongly favor transfer.**

The private-interest factors support transfer because the sources of proof in this case are concentrated in Missouri. The Consent Judgment was entered in Missouri. The hotel at issue is located in Missouri. The March 2026 closing occurred in Missouri. The garnishment writs were issued from Missouri. Many of the witnesses are in Missouri. The 320-plus docket entries in the EDMO Case are on the Missouri court's docket. Qualizza's New Missouri Lawsuit acknowledges that Missouri, not Texas, is "the center of the transactions and conduct alleged." ECF No. 12 at Ex. A ¶ 18.

Qualizza's response to Defendants' first Motion to Dismiss acknowledged that the scope of this lawsuit overlaps entirely with issues addressed in the Eastern District of Missouri. ECF No. 12, at p. 6 ("The pending Missouri exemption and TRO proceedings create genuine overlap . . ."). Qualizza previously argued that no witnesses have been named and that Defendants have not identified documents by location. Doc. 12 ¶ 33. However, he cannot plausibly dispute that the witnesses to the hotel sale, the closing, the Consent Judgment, and the garnishment proceedings are overwhelmingly located in Missouri or are subject to the EDMO Court's process. Qualizza has now sued 11 defendants in Missouri state court arising from the same transaction, all of whom are defendants whose testimony will be needed to

resolve those overlapping claims. The Court should disregard Qualizza's claim that a transfer would impose "real and asymmetric costs," ECF No. 12 ¶ 34, considering Qualizza's extensive litigation activities in Missouri, including the September 8, 2026, 140-page New Missouri Lawsuit.

**b. The Public-Interest factors also support transfer.**

Missouri's interest in this litigation is far stronger than Texas's. The Consent Judgment was entered by a Missouri federal court presiding over the EDMO. The enforcement proceedings are before a Missouri federal court. Qualizza's own 19-count, $30-million-plus Missouri state court action arises from the same transaction. And the EDMO Case has 320-plus docket entries and a judge who has extensive familiarity with the parties, the facts, and the legal issues. The EDMO court has already addressed the very enforcement matters Qualizza seeks to litigate here.

Judicial economy overwhelmingly favors consolidation before Judge Schelp. Allowing this Texas action to proceed in parallel with both the EDMO Case and the New Missouri Lawsuit would result in precisely the kind of duplicative, inconsistent adjudication that § 1404(a) is designed to prevent.[8] *See In re Volkswagen*, 545 F.3d at 315; *In re Chamber of Commerce of United States of Am.*, 105 F.4th 297, 303–04 (5th Cir. 2024). Additionally, Missouri's Supreme Court Rules, applicable to the EDMO Case through FED. R. CIV. P. 69(a)(1), require resolution of exemption and third-party claims before USB can execute on any of Judgment Debtor's accounts. *See, e.g.*, MO. SUP. CT. R. 90.035 (Exemptions); MO. SUP. CT. R. 90.09 (Claims of Third Parties – Notice – Intervention). The exact questions presented in this case are duplicative of questions that will be answered in the EDMO Case. *See S.M.R Innovations LTD v. Apple Inc.*, 756 F. Supp. 3d 453, 464 (W.D. Tex. 2024) ("[T]he existence

---

[8] Nor can Qualizza claim prejudice through continued litigation in the Eastern District of Missouri. On September 8, 2026, Judgment Debtor chose to file a separate lawsuit against Defendants in the City of St. Louis. The Eastern District of Missouri and the Circuit Court for the City of St. Louis reside one block apart (and merely a few blocks from the property underlying this litigation).

of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer.") (internal quotation omitted). The Court should exercise its discretion to transfer this case to the Eastern District of Missouri

**2. This Court Should Refuse to Hear Qualizza's Claims, Which Are Identical to Claims Pending in the Eastern District of Missouri.**

Where two pending district court cases substantially overlap, the first-to-file rule provides that the second-filed court may exercise its discretion and refuse to hear the case. *See Satco Prods., Inc. v. Signify N. Am. Corp.*, No. 6:21-CV-00146-ADA, 2021 WL 4200619, at *1 (W.D. Tex. Sept. 14, 2021) (Albright, J.) (citing *Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 603 (5th Cir. 1999)). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Hart v. Donostia LLC*, 290 F. Supp. 3d 627 (W.D. Tex. 2018) (quoting *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985)). When the first-to-file rule is implicated, the core question is whether there is "substantial overlap" between the instant case and the first case. *Satco Prods., Inc.*, 2021 WL 4200619, at *2 (quoting *Platt v. Nash*, No. 4:16-CV-00294, 2016 WL 6037856, at *2 (E.D. Tex. Oct. 14, 2016) ("the [second-filed] Court's limited role is to determine whether there is substantial overlap between the two suits.")). If there is substantial overlap between the two cases, only in compelling circumstances should the second court proceed with the newly filed litigation. *Id.* (internal citation omitted). *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) ("In deciding if a substantial overlap exists, this court has looked at factors such as whether 'the core issue . . . was the same' or if 'much of the proof adduced . . . would likely be identical.'") (internal quotation omitted).

As discussed above, the operative facts and underlying issues asserted by Qualizza are identical in substance to those addressed in the EDMO case. Qualizza previously acknowledged this problem and conceded that "the pending Missouri exemption and TRO

proceedings [warrant] serious consideration under [the] principles [of the first-to-file rule]." ECF No. 12, at ¶ 36. Even if the Court determines that the amended counts are slightly distinct, the core issues and most of the proof are the same. This case, the EDMO Case, and the New Missouri Lawsuit involve the same people, property, hotel transaction, and *Consent* Judgment. Qualizza's duplicative Texas action implicates the first-to-file rule, and no compelling circumstance warrants allowing this second-filed litigation to proceed alongside the Missouri proceedings. The Court should transfer this case or decline to hear the duplicative claims.

## REQUEST TO TAKE JUDICIAL NOTICE

Rule 201 permits this Court to take judicial notice of facts that can be accurately and "readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Courts routinely take judicial notice of public records, including court documents. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

Defendants respectfully ask that the Court take judicial notice of the EDMO Case, *U.S. Bank, National Association v. Qualizza et al*, Docket No. 4:21-cv-00120 (E.D. Mo. Jan 29, 2021), including all proceedings conducted therein. Defendants also request that the Court take judicial notice of the Judgment entered in the EDMO Case. *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998) ("[t]he district court could properly take judicial notice, under Rule 201(b), of the judgment for the limited purpose of taking as true the action of the Oregon court in entering judgment for [the creditor] against [the debtor]") (internal quotation omitted).

## CONCLUSION

Defendants respectfully request that the Court: (1) dismiss this action under Rule 12(b)(6) for failure to state a claim; or (2), in the alternative, transfer this action to the Eastern District of Missouri under 28 U.S.C. § 1404(a). Defendants request that any dismissal be with prejudice. If the Court is not inclined to dismiss or transfer the case, Defendants respectfully ask that the Court abate this matter until the EDMO Case is closed.

Dated**:** September 28, 2026

Respectfully submitted,

**THOMPSON COBURN LLP**

By: */s/ Alexander J. Pennetti*
Alexander J. Pennetti

State Bar No. 24110208
apennetti@thompsoncoburn.com
2100 Ross Avenue, Suite 3200
Dallas, Texas 75201
Tel: (972) 629-7100
Fax: (972) 629-7171

Mark Bossi (*pro hac vice* forthcoming)
mbossi@thompsoncoburn.com
Brian Hockett (*pro hac vice* forthcoming)
bhockett@thompsoncoburn.com
Caleb Crahan (*pro hac vice* forthcoming)
ccrahan@thompsoncoburn.com
One US Bank Plaza
St. Louis, Missouri 63101
Tel: (314) 552-6000
Fax: (314) 552-7000

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(G), undersigned counsel certifies that counsel for Defendants conferred with Plaintiff regarding the relief sought in this renewed motion. Plaintiff is proceeding pro se. On August 20, 2026, undersigned counsel contacted Plaintiff by email requesting that this action and the First Amended Complaint be transferred to the Eastern District of Missouri. On August 21, 2026, Plaintiff indicated that he is opposed to transfer.

*/s/ Alexander J. Pennetti*
Alexander J. Pennetti

## CERTIFICATE OF SERVICE

I certify that, on September 28, 2026, I had this document served on Plaintiffs via the Court's electronic filing system and via certified mail, return receipt requested. A courtesy copy of this renewed motion was delivered to Plaintiffs via email. The certified mail and email were delivered to Plaintiffs' last known physical and email address, as follows:

Michael S. Qualizza and Kimberly Hope Qualizza
*Pro Se*
1220 Marly Way
Austin, Texas 78733
Telephone: (773) 960-1181
Email: mqualizza@yahoo.com

Dated**:** September 28, 2026

*/s/ Alexander J. Pennetti*
Alexander J. Pennetti